22076. NATIONAL CASUALTY COMPANY *v.* BOROCHOFF.

DECIDED SEPTEMBER 22, 1932.

*Bryan, Middlebrooks & Carter,* for plaintiff in error.
*George & John L. Westmoreland,* contra.

SUTTON, J.   In April, 1927, Borochoff brought suit against the National Casualty Company, in the municipal court of Atlanta, on a policy of health and accident insurance, for five weeks indemnity at $100 a week, plus 25 per cent. penalty as provided by the terms of section 2549 of the Civil Code.   The trial of the case resulted in a verdict for the plaintiff, but on certiorari a new trial was granted.   The plaintiff excepted, and this court affirmed that judgment.   *Borochoff* v. *National Casualty Co.*, 39 *Ga. App.* 319 (146 S. E. 916).   A second trial resulted in a verdict for the defendant, and a new trial was granted by the trial judge.   On a third trial the plaintiff obtained a verdict for the full amount sued for, plus the 25 per cent. provided for in the above-cited section of the Code. The trial court overruled a motion for new trial, the defendant appealed to the appellate division of that court, and the judgment was affirmed.   The superior court overruled the certiorari sued out by the defendant, and the defendant excepted.

The application of the plaintiff for this policy of insurance contained this provision:   "I hereby apply for a policy to be based upon the following representation of facts:   I understand and agree that the right to recovery under any policy which may be issued upon the basis of this application shall be barred in the event that any one of the following statements material either to the acceptance of the risk or to the hazard assumed by the company is false, or in the event that any one of the following statements is false and made with intent to deceive."   The insured then stated in the application that he had no other accident or health insurance; that he had never received indemnity for accident or illness, except a small claim for accident with the Masonic Mutual and Commercial Travelers of Boston; and that he had never been disabled or received medical or surgical attention, except for an injured hand for about three weeks, and for cold and biliousness about one to two weeks.   The defendant asserts that each of these representations was material to the risk to be assumed by it in issuing the policy of insurance, and that these statements were not true, and so varied from the truth as to increase the hazard of insurance applied for, and were material to the risk; and that had it known that these statements were not true, it would never have issued the policy. The defendant contends that at the time of the application for this insurance and the issuance of the policy the plaintiff had accident

and health insurance in various other companies, which was unknown to it; that prior thereto the plaintiff had sustained several other injuries for which he collected disability insurance from other accident and health companies, all unknown to the defendant; that prior thereto the plaintiff received an injury to his left shoulder, for which he collected about $300 from a named company under an accident policy, all unknown to the defendant, this being an injury to the same shoulder on which he makes claim in the present case; that he was not in a sound and healthy condition physically; that he had a bodily infirmity not disclosed in the application for insurance, and had the same been known to defendant the policy of insurance would not have been issued; that, promptly upon its discovery of these misrepresentations of material facts in the application for the policy, the defendant tendered to the plaintiff the full amount of the premiums paid by him, and offered to restore him to his original status; and that the plaintiff collected large sums of money under the other policies of accident and health insurance, on account of the same injury on which this suit was based, and that under the terms of the policy the defendant would not in any event be liable for more than a pro rata part of the weekly indemnity specified in the policy. The evidence demanded a finding that the agent of the defendant company, who filled out the application for this policy of insurance for the plaintiff to sign, and who delivered the policy to him, knew, before filling out the application for this insurance, that the plaintiff had other accident and health insurance, and that he had an accident sometime prior thereto, which injured his left shoulder and for which he collected insurance.

■ The application for insurance being considered as a part of the policy, it follows that the policy will be avoided where the applicant made in his application false statements as to facts material to the risk, such as the physical condition of the applicant, his state of health, or the existence vel non of other insurance. 1 C. J. 420, § 61. However, a policy can not be avoided because of an untrue statement of the insured in his application of which the insurer had knowledge, and the actual knowledge of the agent who took the application will be imputed to the insurer. *Johnson* v. *Ætna Ins. Co.*, 123 *Ga.* 404 (51 S. E. 339, 107 Am. St. R. 92). The general rule is that notice to an insurance agent, and knowledge obtained by him while acting within the scope of his authority, are

notice to the insurance company respecting material facts affecting the risk. *Fair* v. *Metropolitan Life Ins. Co., 5 Ga. App.* 708 (63 S. E. 812); *Supreme Lodge Knights of Pythias* v. *Few, 142 Ga.* 240 (82 S. E. 627); *Atlas Assurance Co.* v. *Kettles, 144 Ga.* 306 (87 S. E. 1). Such company is estopped from asserting the invalidity of the policy at the time it was issued, for the violation of any of the conditions of such policy, if, at the time it was so issued, the fact of such violation was known to its duly authorized agent. *Brown* v. *Globe &c. Fire Ins. Co., 161 Ga.* 849 (123 S. E. 260); *Girard Fire &c. Ins. Co.* v. *Carter, 32 Ga. App.* 2 (122 S. E. 649); *Hite* v. *Liverpool &c. Ins. Co., 33 Ga. App.* 349 (126 S. E. 304); *Grantham* v. *Royal Ins. Co., 34 Ga. App.* 415 (130 S. E. 589). So the failure to mention other insurance in an application can not be set up by the insurer, where the omission was by the advice of its agent who had full knowledge of the facts. Goode *v.* Georgia H. Ins. Co., 92 Va. 392 (30 L. R. A. 842, 53 Am. St. R. 817, 23 S. E. 744). If the agent of the insurer has knowledge of the existence of other insurance and nevertheless executes and delivers the contract and receives the premium, the insurer is bound by his knowledge, and a waiver or estoppel is effected, whichever it may be called. *Williams* v. *Atlas Assurance Co., 22 Ga. App.* 661 (97 S. E. 91); *Carrugi* v. *Atlantic Fire Ins. Co., 40 Ga.* 135 (2 Am. R. 567); *Swain* v. *Macon Fire Ins. Co., 102 Ga.* 96 (29 S. E. 147); *Insurance Company of North America* v. *DeLoach, 3 Ga. App.* 807 (61 S. E. 406). While the decisions cited deal with fire-insurance policies, by parity of reasoning the principle therein enunciated is applicable to cases arising under accident-insurance policies. Dailey *v.* Preferred Masonic Mutual Acc. Asso., 102 Mich. 289 (57 N. W. 184, 26 L. R. A. 171).

■ The ruling stated in headnote 2 does not require elaboration.

■ The jury returned a verdict for the amount of insurance claimed by the plaintiff, and for 25 per cent. penalty and reasonable attorney's fees as provided in section 2549 of the Civil Code. This section provides that "The several insurance companies of this State, and foreign insurance companies doing business in this State, in all cases when a loss occurs, and they refuse to pay the same within sixty days after a demand shall have been made by the holder of the policy on which said loss occurred, shall be liable to pay the

holder of said policy, in addition to the loss, not more than 25 per cent. on the liability of said company for said loss; also, all reasonable attorney's fees for the prosecution of the case against said company; provided it shall be made to appear to the jury trying the same that the refusal of the company to pay said loss was in bad faith." Under the provisions of this section, the liability of the insurer for attorney's fees and damages could not accrue until the lapse of sixty days from the date of a demand made when there was a right to demand. *New Zealand Fire Ins. Co.* v. *Brewer,* 29 *Ga. App.* 773 (8), 775 (116 S. E. 922.) ; *Lester* v. *Piedmont &c. Ins. Co.,* 55 *Ga.* 476 (4) ; *Ancient Order United Workmen* v. *Brown,* 112 *Ga.* 545 (3) (37 S. E. 890). In other words, the penalties provided for in the above section accrue by virtue of a demand, and the demand must be made at a time when a demand for immediate payment is in order. *American Nat. Ins. Co.* v. *Brantley,* 38 *Ga. App.* 505 (2) (144 S. E. 332). No demand in direct terms was averred in the petition in this case, and there was no evidence of any demand having been made, meeting the requirements of the above section of the Code. That portion of the verdict providing for the recovery of attorney's fees and 25 per cent. damages was not authorized by the pleadings and the evidence. *Alliance Ins. Co.* v. *Williamson,* 36 *Ga. App.* 497 (6) (137 S. E. 277). Since the recovery by the plaintiff of damages and attorney's fees was unauthorized, but the verdict and judgment were not otherwise illegal, the judgment overruling the certiorari is affirmed upon condition. that the plaintiff write off the recovery as to damages and attorney's fees at the time the remittitur is made the judgment of the court below; otherwise the judgment will be reversed.

*Judgment affirmed on condition. Jenkins, P. J., and Stephens, J., concur.*