## 22156. GUARANTEE RESERVE LIFE INSURANCE COMPANY OF HAMMOND v. NORRIS.

CANDLER, Justice. On February 23, 1962, Mrs. Marie J. Norris filed a suit in the Superior Court of Warren County against Guarantee Reserve Life Insurance Company of Hammond, Indiana. Her petition alleges that she purchased a policy of insurance from the defendant on September 27, 1961, which obligated it to pay hospital and surgical expenses incurred by her. She was hospitalized at University Hospital, Augusta, Georgia, from December 3 to December 10, 1961, during which period she incurred hospital and surgical expenses of $548 which the defendant refused to pay. Paragraph 5 of her petition alleges that she promptly notified the defendant of the expenses so incurred by her and that she complied with the terms of her policy as to proof of loss, claim and demand. Paragraph 8 alleges that more than 60 days elapsed between the date she made a demand on the defendant for payment of the hospital and surgical expenses incurred by her and the date of filing her suit therefor. Her petition also alleges that it had been necessary for her to employ counsel to collect the hospital and surgical expenses incurred by her. She prayed for a judgment covering such expenses and also for an amount equal to 25% of her claim as damages for nonpayment thereof, plus $9,000 as reasonable attorney's fees. The defendant answered her petition and admitted that she did purchase a policy of insurance from it on the date alleged in her petition; that she did incur hospital and surgical expenses of $548 during the period stated in her petition; and that she made a demand on it for payment of such expenses but expressly denied that such demand was made on it 60 days before she filed her suit therefor. Its answer also avers that the expenses sued for were not covered by the policy it sold her and for that reason she was not entitled to a judgment against it for any amount. It subsequently amended its answer and attached to it, as an exhibit, a copy of the proof of loss which the plaintiff filed with it on December 16, 1961. The defendant again amended its answer and admitted that the policy it sold to the plaintiff covered the expenses sued for by her and that it was obligated by such policy to pay those expenses. On the trial and after the introduction of evidence closed, the defendant moved the

court to direct a verdict in favor of the plaintiff for the $548 sued for and against the plaintiff for the damages and the attorney's fees she sought to recover on the ground that the evidence as to damages and attorney's fees demanded a finding by the jury that 60 days did not elapse between the date the plaintiff demanded payment of the expenses incurred by her for hospitalization and surgical service and the filing of her suit therefor. Its motion was overruled, and the jury on October 1, 1962, returned a verdict in favor of the plaintiff for $548 principal, 7% interest, 25% penalty and $3,000 attorney's fees. The defendant in due time moved for a judgment in its favor notwithstanding the verdict on the same ground which it had urged for a directed verdict in its favor respecting damages and attorney's fees and it also filed a motion for new trial on the usual general grounds which it later amended by adding two special grounds complaining of specified portions of the charge. Its motions were overruled and the Court of Appeals affirmed those rulings. See *Guarantee Reserve Life Ins. Co. of Hammond v. Norris,* 108 Ga. App. 45 (132 SE2d 128). The defendant filed an application for the writ of certiorari in which it assigned error on the entire decision rendered by the Court of Appeals. This court granted the application. *Held:*

Section 1 of an amending Act which the Governor approved on March 7, 1962 (Ga. L. 1962, p. 712) in part provides: "In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss . . . and all reasonable attorney's fees for the prosecution of the case against the insurer. The amount of such reasonable attorney's fees shall be determined by the trial jury and shall be included in any judgment which is rendered in such action." *Code Ann.* § 56-1206. In the instant case the defendant's answer admits that a demand was made on it for payment of the expenses which the plaintiff incurred for hospitalization and surgical service but its answer positively denies that any demand for payment of such expenses was made on it 60 days before plaintiff's suit was instituted to recover such expenses. Subsequently to the filing of her proof of loss and on December 21, 1961, the defendant,

as the evidence shows, notified the plaintiff by letter that her claim would not be paid since it was for expenses incurred by her for hospitalization and surgical service not covered by her policy. Such letter also states: "If, perhaps, we are mistaken as to facts involved, we will be happy to review your claim and reconsider payment." Standing alone a proof of loss is not a demand for payment thereof under the plain provisions of the statute (*Code Ann.* § 56-1206) which provides for damages and reasonable attorney's fees in addition to the loss sustained; and this is so because such statute requires the insured to make an actual demand on the insurer for payment of her loss 60 days before filing a suit therefor. *Life Ins. Co. of Ga. v. Burke,* 219 Ga. 214 (2), 221 (132 SE2d 737); *Ancient Order United Workmen v. Brown,* 112 Ga. 545 (3) (37 SE 890); *Alliance Ins. Co. v. Williamson,* 36 Ga. App. 497 (6) (137 SE 277); *National Casualty Co. v. Borochoff,* 45 Ga. App. 745 (3) (165 SE 905); and *George Washington Life Ins. Co. v. Smith,* 90 Ga. App. 459, 467 (83 SE2d 302). See also in this connection *Lester v. Piedmont &c. Life Ins. Co.,* 55 Ga. 475 (4). Here the evidence demanded a finding by the jury that no demand was made on the insurer for payment of the plaintiff's loss until January 3, 1962, which was less than 60 days before she filed her suit therefor on February 23, 1962; and since this is true, the defendant was entitled to the judgment it sought notwithstanding the verdict in the plaintiff's favor for damages and attorney's fees, and the Court of Appeals erred in holding to the contrary.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 12, 1963—DECIDED JANUARY 10, 1964—
REHEARING DENIED JANUARY 22, 1964.

J. Cecil Davis, E. Purnell Davis, Fulcher, Fulcher, Hagler & Harper, for plaintiff in error.

Randall Evans, Jr., Kenneth E. Goolsby, contra.