66057. COLUMBUS FIRE & SAFETY EQUIPMENT COMPANY, INC. v. AMERICAN DRUGGIST INSURANCE COMPANY, INC.

BANKE, Judge.

This case involves a claim by the appellant contractor to recover on a performance bond executed by the appellee, guaranteeing a subcontractor's performance on a contract for the installation of fire-suppression equipment in the Marshall Space Flight Center in Huntsville, Alabama. The case was tried before a jury, and a verdict was returned in favor of the appellant for the amount of the bond. In addition, the jury awarded the appellant a bad-faith penalty and attorney fees pursuant to OCGA § 10-7-30 (Code Ann. § 103-210). The trial court subsequently granted the appellee's motion for judgment notwithstanding the verdict with regard to the bad-faith penalty and attorney fees, and the appellant filed this appeal. The jury also returned a verdict in favor of the appellant against the subcontractor for compensatory damages and attorney fees, but no issue as to that award is before us.

The appellant first notified the appellee of the subcontractor's default in a letter from its attorney dated February 5, 1981. However,

on February 16, 1981, the subcontractor was notified that it would be allowed additional time to perform its obligations under the subcontract. This notification was made in a letter from the appellant which closed as follows: "In summary, your rights to proceed are unchanged and no claim has been made against your bond, at this time." On April 16, 1981, appellant's attorney notified the subcontractor in writing that its right to proceed had again been terminated. On the same date, demand was made against the appellee surety for payment on the bond. This suit was filed 27 days later, on May 13, 1981. *Held:*

1. OCGA § 10-7-30 (b) (Code Ann. § 103-210) provides, in pertinent part, as follows: "In the event of the refusal of a corporate surety to commence the remedy of a default covered by, to make payment to an obligee under, or otherwise to commence performance in accordance with the terms of a contract of suretyship within 60 days after receipt from the obligee of a notice of default or demand for payment, and upon a finding that such refusal was in bad faith, the surety shall be liable to pay such obligee, in addition to the loss, not more than 25 percent of the liability of the surety for the loss and all reasonable attorney's fees for the prosecution of the case against the surety."

The person serving as the appellant's vice-president at the time the events in question transpired admitted that his company had "nullified" the initial February 5th notice of default in order to give the subcontractor another chance to perform on the subcontract. Furthermore, as previously indicated, the appellant's February 16th letter to the subcontractor specified that no claim was being made against the performance bond "at this time." Thus, the February notice of default was clearly intended to be withdrawn. Since the subcontractor was not again declared in default until April 16, 1981, less than 60 days before suit was filed, and since no demand for payment was made against the appellee until that same date, it follows that the appellee cannot be held liable for a bad-faith penalty and attorney fees unless its continued failure to pay the claim after the suit was filed may also be counted as part of the 60-day deadline set forth in the statute.

An identical issue was before the Supreme Court in *Guarantee Reserve &c. Ins. Co. v. Norris,* 219 Ga. 573 (134 SE2d 774) (1964), with regard to application of former Code Ann. § 56-1206 (OCGA § 33-4-6). That statute is virtually identical to OCGA § 10-7-30 (Code Ann. § 103-210), except that it deals with the liability of insurance companies on their insurance contracts rather than the liability of corporate sureties on their suretyship contracts. The court concluded in that case that the insured's failure to wait at least 60 days between

making demand for payment and filing suit constituted an absolute bar to its statutory claim for a bad-faith penalty and attorney fees. We are constrained by this holding to conclude that the trial court did not err in striking the bad-faith penalty and attorney fees awarded to the appellant in the case before us now.

2. The appellant's motion for an award of additional attorney fees on appeal is, perforce, denied, both because of our holding in Division 1, supra, and because this court is not empowered by statute or otherwise to grant such relief.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED APRIL 18, 1983 —
REHEARING DENIED MAY 4, 1983 —

*Danny L. Dupree,* for appellant.
*H. Baxter Harcourt, Allen C. Levi,* for appellee.