67876. BLUE CROSS & BLUE SHIELD OF GEORGIA/ ATLANTA, INC. v. MERRELL.

BANKE, Judge.

The appellee sued the appellant insurer alleging that it wrongfully failed to pay her claim for medical expenses incurred as the result of her hospitalization for treatment of a pulmonary embolus, and a jury awarded her a bad-faith penalty and attorney fees in addition to damages. The appellant insurer had rejected the claim based on evidence that the treatment was for a pre-existing condition, the plaintiff having suffered a pulmonary embolus on two occasions prior to the effective date of her policy. On appeal, the insurer's sole contention is that the trial court erred in submitting the claim for a bad-faith penalty and attorney fees to the jury.

The appellee filed her complaint on June 24, 1982. Although she testified at trial that she had submitted her hospital bills to the appellant, there was no evidence indicating when she had done so. After submitting the bills, she had called the appellant's office on several occasions and had eventually been notified that her claim was denied because it involved a pre-existing condition. However, the record is silent as to when these calls were made. *Held*:

OCGA § 33-4-6 (formerly Code Ann. § 56-1206) provides as follows: "In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same *within 60 days after a demand has been made* by the holder of the policy and a finding has

been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 25 percent of the liability of the insurer for the loss and all reasonable attorney's fees for the prosecution of the action against the insurer." (Emphasis supplied.) It has been held that a failure to wait at least 60 days between making demand and filing suit constitutes an absolute bar to recovery of a bad-faith penalty and attorney fees under this statute. See *Guarantee Reserve Life Ins. Co. &c. v. Norris*, 219 Ga. 573 (134 SE2d 774) (1964). See also *Columbus Fire & Safety Equip. Co. v. American Druggist Ins. Co.*, 166 Ga. App. 509 (304 SE2d 471) (1983), construing OCGA § 10-7-30 (b), a virtually identical statute.

We reject the appellee's contention that the dates on the medical bills themselves, which were issued in September and October 1981, constitute circumstantial evidence that the demand was made sufficiently in advance of her complaint. Furthermore, the mere submission of the bills would not necessarily constitute an actual demand for payment within the meaning of the statute. See *Guarantee Reserve Life Ins. Co. &c. v. Norris*, supra, at 575, holding that "[s]tanding alone a proof of loss is not a demand for payment thereof under the plain provisions of the statute . . ." The award of the bad-faith penalty and attorney fees is accordingly reversed.

*Judgment reversed in part. Shulman, P. J., and Pope, J., concur.*

DECIDED MARCH 2, 1984.

*Patrick L. Swindall, Michael Hurst*, for appellant.
*David H. Tisinger, Kevin B. Buice*, for appellee.