### CONSULTING ENGINEERS GROUP, INC.

v.

### PACE CONSTRUCTION, et al.

#### Civ. A. No. C84–2370A.

United States District Court,
N.D. Georgia,
Atlanta Division.

July 25, 1985.

R. Jeffrey Morrison, Atlanta, Ga., for plaintiffs.

J.D. Humphries, III, John P. Gallagher, Varner, Stephens, Wingfield, McIntyre & Humphries, Atlanta, Ga., for Pace Const. Inc. and Atlanta/Windy Hill, Ltd.

Ira Genbert, Ruth A. Zaleon, Stokes, Shapiro, Fussell & Genberg, Atlanta, Ga., for Southeast Schokbeton.

J. Alexander Porter, Sidney R. Barrett, Jr., Asbill, Porter, Churchill & Nellis, Atlanta, Ga., for U.S. Fidelity & Guar. Co.

## ORDER

ORINDA D. EVANS, District Judge.

This case is before the court on motion of Third Party Defendant United States Fidelity & Guaranty Co. ("U.S. Fidelity") for partial summary judgment.[1]

This case originated when Plaintiff Consulting Engineers Group, Inc. brought suit against Defendants Pace Construction, Inc. ("Pace"), Atlanta/Windy Hill, Ltd., and Southeast Schokbeton, seeking foreclosure of a mechanic's lien on a hotel. Pace then filed a third party complaint against U.S. Fidelity, seeking damages for U.S. Fidelity's alleged wrongful refusal to perform on a surety bond issued to Schokbeton.

In addition to actual damages, Pace seeks an award of attorney's fees and punitive damages in the amount of $500,000.00 "to deter surety and other sureties from refusing to pay valid claims in the future." Third Party Complaint, ¶ 9. U.S. Fidelity now moves for summary judgment as to Pace's prayer for attorney's fees and punitive damages, on the grounds that Georgia law forbids such a recovery in a suit on a surety bond under these circumstances.

The surety argues that Pace can only seek penalties against it under the limited statutory penalty provisions of O.C.G.A. § 10-7-30.[2] U.S. Fidelity then contends that Pace is barred from claiming any penalty under that section because Pace filed its action against the surety before the sixty day statutory period had elapsed, citing *Columbus Fire & Safety Equipment*

1. Originally filed as a motion to dismiss, this motion is now being treated as a motion for summary judgment pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. *See* Order of June 12, 1985, pp. 3–4.

2. This statute states, in pertinent part:
    In the event of the refusal of a corporate surety to commence the remedy of a default covered by, to make payment to an obligee under, or otherwise to commence performance in accordance with the terms of a contract of suretyship within 60 days after receipt from the obligee of a notice of default or demand for payment, and upon a finding that such refusal was in bad faith, the surety shall be liable to pay such obligee, in addition to the loss, not more than 25 percent of the liability of the surety for the loss and all reasonable attorney's fees for the prosecution of the case against the surety.
    O.C.G.A. § 10-7-30(b).

Co., Inc. v. American Druggist Insurance Co., Inc., 166 Ga.App. 509, 304 S.E.2d 471 (1983).

In Columbus Fire & Safety, the court found that the plaintiff obligee had filed suit against the surety less than sixty days after making demand for payment. The court noted that the Supreme Court of Georgia had confronted the same situation in Guarantee Reserve Life Insurance Co. v. Norris, 219 Ga. 573, 134 S.E.2d 774 (1964), under a "virtually identical"[3] bad faith penalty provision for insurance companies, O.C.G.A. § 33–4–6. The Guarantee Reserve Court had held that the insured's failure to wait at least sixty days after demand before filing suit barred her statutory claim for bad faith penalties. Id. 219 Ga. at 575, 134 S.E.2d 774. The court in Columbus therefore concluded that an obligee who files suit prematurely is similarly barred from recovering a bad faith penalty against its surety under § 10–7–30. 166 Ga.App. at 510–11, 304 S.E.2d 471.

Pace argues that U.S. Fidelity did receive a demand to perform more than sixty days before Pace filed its complaint. Pace also contends that U.S. Fidelity investigated the claim and specifically disclaimed liability in writing, thereby waiving the sixty day performance period. Pace distinguishes Columbus Fire & Safety on the grounds that no waiver by the surety was involved in that case.

In response, U.S. Fidelity argues that Section 10–7–30 requires that the obligee itself make demand on the surety before the sixty day period begins to run. U.S. Fidelity therefore objects to Pace's argument that the period began when the surety learned of Pace's claim on the bond from Schokbeton, the principal. U.S. Fidelity maintains that its performance period did not begin until it received a demand or default notice from the obligee, Pace. U.S. Fidelity also argues that its subsequent denial of obligation on the bond did not operate as a waiver of the remainder of the sixty day period.

The Court finds that Pace's argument as to the initiation of the performance period is unsupported by the case law or the language of the statute. The statute provides for a specific event from which the 60 day period is to run, and that event is the surety's "receipt from the obligee of a notice of default or demand for repayment...." O.C.G.A. § 10–7–30(b). The statute does not suggest that the surety's mere awareness of a claim is sufficient. Its language instead requires the actual receipt by the surety of a more formal "notice" or "demand" from the obligee. This strict interpretation[4] of the statute is supported by the opinions in Columbus Fire & Safety, and Guarantee Reserve, supra.

In Columbus Fire & Safety, the claimant had notified the surety of the subcontractor's default, but then had sent a subsequent letter giving the subcontractor additional time to perform. The court held that the sixty day period did not begin to run until a second official notice of demand was made against the surety. 166 Ga.App. at 510, 304 S.E.2d 471.

In Guarantee Reserve, the insured had filed a proof of loss with her insurance company in December, but did not demand payment until January. The court held that the insured's filing of a proof of loss with her insurance company did not initiate the running of the period, because the statute "requires the insured to make an actual demand on the insurer for payment of her loss 60 days before filing a suit therefor." 219 Ga. at 575, 134 S.E.2d 774 (emphasis added).

Thus, both courts required a formal demand by the claimant, rather than a mere awareness on the part of the payor of the pending claim. This strict interpretation of the statute avoids the uncertainty that would otherwise be created. A holding to

3. Columbus, 166 Ga.App. at 510, 304 S.E.2d 471.

4. Section 10–7–30 is in derogation of the common law and therefore must be strictly construed. Travelers Indemnity Co. v. Sasser & Co., 138 Ga.App. 361, 364, 226 S.E.2d 121 (1976).

the contrary would leave the obligee uncertain as to when it could safely file suit for punitive damages, and the surety uncertain as to how long it had to investigate the claim.

 In this case, the evidence fails to show a demand by the obligee on the surety until Pace's letter to U.S. Fidelity on October 18. The affidavit submitted by Pace does not show that Pace made an earlier oral demand on the surety, but only that it made demands on the subcontractor and that U.S. Fidelity "was aware of the situation." Kinsey Affidavit, ¶¶ 7, 9. This is insufficient to meet the requirements of the statute. The sixty day performance period therefore began to run on October 20, 1984, the date that U.S. Fidelity received Pace's demand letter.

Pace filed its third party complaint against U.S. Fidelity on December 12, 1984, only fifty-three days after making demand for payment. Under *Columbus Fire & Safety*, Pace would therefore be barred from seeking statutory bad faith penalties. 166 Ga.App. at 511, 304 S.E.2d 471. However, Pace contends that U.S. Fidelity waived the remainder of the sixty day period by its letter of October 22, 1984, denying any obligation on the bond. The court does not agree.

While the opinion in *Columbus* does not reflect whether the defendant had already denied the claim before the claimant filed suit, the opinion in *Guarantee* does. The *Guarantee* court barred the plaintiff from recovering bad faith penalties where she filed suit less than sixty days after demand, even though the facts show that the insurer had already issued a written denial of her claim. 219 Ga. at 574–75, 134 S.E.2d 774.

Furthermore, neither of these statutes contain waiver provisions. The court concludes that the liability of a surety or insurer for statutory bad faith penalties simply does not accrue until sixty days have passed. *See National Casualty Co. v. Borochoff*, 45 Ga.App. 745, 749, 165 S.E. 905 (1932). Pace is therefore barred from

recovering punitive damages or attorney's fees from U.S. Fidelity under § 10-7-30.

Third Party Defendant's motion for partial summary judgment is hereby GRANTED.