**AYERS ENTERPRISES, LTD., a Georgia Corporation, Plaintiff,**

**v.**

**EXTERIOR DESIGNING, INC. and Fireman's Fund Insurance Company, Defendants and Third Party Plaintiffs,**

**v.**

**CITY OF SUGAR HILL, GEORGIA, Tim Cox d/b/a Cox Specialty Grading and Tim Cox d/b/a Tim Cox Construction, Third Party Defendants.**

Civ. No. 1:91–cv–2591–JEC.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 10, 1993.

James J. Brissette, Susan L. Shaver, Frankel, Hardwick, Tanenbaum & Fink, Atlanta, GA, for plaintiff.

Charles W. Ingraham, Richard Storrs, Brenda L.K. Orrison, Atlanta, GA, Lincoln Knauer, Springfield, MO, Virgil L. Thompson, Jr., Paul E. Andrew, Lawrenceville, GA, for defendants.

### ORDER

CARNES, District Judge.

This case is presently before the Court on Third Party Plaintiff's Motion for Partial Summary Judgment [35], Third Party Plaintiff's Motion for Partial Summary Judgment [36], and Third Party Plaintiff's Motion for Partial Summary Judgment [37].

### BACKGROUND

Defendant Exterior Designing, Inc. ("Exterior") entered into a contract with the City of Sugar Hill, Georgia ("the City") to build a golf course for the City. Exterior executed a bond with the City as obligee to secure performance of the contract. (Compl. ¶ 7). Defendant Fireman's Fund Insurance Company ("Fireman's") was a surety on the bond. (Id.).

Exterior then entered into a subcontract with Plaintiff, Ayers Enterprises, under which Plaintiff was to furnish labor, equip-

ment, and materials for construction of the golf course. (Id. ¶¶ 6, 8). Plaintiff asserts that Exterior subsequently breached the subcontract by failing to pay more than $75,000 owed to Plaintiff. (Id. ¶ 19). Plaintiff then brought this action against Exterior for breach of contract/quantum meruit recovery and against Fireman's under the payment bond.

The City subsequently terminated the contract with Exterior due to Exterior's alleged failure to perform its part of the bargain. Exterior and Fireman's assert that the termination was wrongful, and brought a Third Party Complaint against the City and two other subcontractors, Cox Specialty Grading and Tim Cox Construction ("Cox"). Fireman's has now moved for partial summary as to Plaintiff's Complaint, Cox's Counterclaim, and the City's Counterclaim.

### DISCUSSION

**A. Partial Summary Judgment against Ayers**

Fireman's moved for partial summary judgment against Plaintiff, requesting (for reasons discussed below in the context of the motion against Cox) that this Court strike Plaintiff's request for attorney's fees and costs. Plaintiff responded by amending its Complaint to delete the request for attorney's fees and costs. Accordingly, the Court denies Fireman's motion as moot.

**B. Partial Summary Judgment against Cox**

In his Counterclaim, Cox requested costs and attorney's fees pursuant to § 13–6–11 of the Georgia Code due to Fireman's alleged bad faith and stubborn litigiousness. (Cox Answer and Countercl. ¶ 25). Section 13–6–11 provides for the allowance of litigation expenses in contract cases generally.[1] McCall v. Allstate Ins. Co., 251 Ga. 869, 871–72, 310 S.E.2d 513 (1984). Fireman's moved for summary judgment as to Cox's request

---

1. This section provides that:
   The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.
   Ga Code Ann. § 13–6–11 (Michie 1991).

for attorney's fees and costs, arguing that Cox can only seek these damages under § 10–7–30 of the Georgia Code, which provides specifically for attorney's fees and penalties when a corporate surety refuses in bad faith to pay an obligation. Fireman's asserts that, because Cox did not comply with the procedures set out in § 10–7–30, Cox is now precluded from requesting litigation expenses.

■ The Court concludes that the specific provisions of § 10–7–30, rather than the general remedy set out in § 13–6–11, apply in this case. The Georgia Supreme Court has held that "where the General Assembly has provided a specific procedure and a limited penalty for noncompliance with a specific enactment . . ., the specific procedure and limited penalty were intended by the General Assembly to be the exclusive procedure and penalty, and recovery under general penalty provisions will not be allowed." *McCall*, 251 Ga. at 872, 310 S.E.2d 513.[2] *See also Lincoln Nat'l Life Ins. Co. v. Davenport*, 201 Ga.App. 175, 176, 410 S.E.2d 370 (1991). Accordingly, if Cox is to prevail at all in obtaining litigation expenses, he must do so under § 10–7–30.

■ Section 10–7–30 provides a procedure by which a party may receive attorney's fees and a statutory penalty of up to twenty five percent of the loss for a surety's bad faith refusal to pay. In order to receive such damages, however, the party seeking them must present the surety with a notice of default or a demand for payment and wait sixty days before bringing an action. As another judge in this district has observed, a strict interpretation of the sixty day waiting period has the beneficial effect of avoiding uncertainty as to how long a surety has to investigate a claim or when the obligee can

safely file suit. *Consulting Engineers Group, Inc. v. Pace Constr.*, 613 F.Supp. 1192, 1194 (N.D.Ga.1985) (Evans, J.). Failure to wait the required number of days before making a claim under § 10–7–30 operates as a bar against the recovery of attorney's fees or other penalties. *Pace Constr.*, 613 F.Supp. at 1195 (party barred from recovering damages under § 10–7–30 when waited only 53 days before bringing suit); *Columbus Fire & Safety*, 166 Ga.App. at 510–11, 304 S.E.2d 471. Cox does not dispute that he did not wait the required number of days before filing his action. Accordingly, summary judgment is appropriate as to Cox's claim for attorney's fees and costs.[3]

### C. *Partial Summary Judgment against the City*

The City's Counterclaim against Fireman's contained two counts, one alleging that Fireman's had breached the payment bond, (City's Answer, Countercl., and Cross-cl. at 29), and the other raising a claim under the performance bond, (*Id.* at 31). Fireman's has moved for summary judgment as to the payment bond claim, arguing that this court fails to state a claim upon which relief can be granted.

Section 13–10–1 of the Georgia Code sets out the bid, performance, and payment bond requirements for public works contracts. Section 36–82–104 of the Code covers actions on breached bonds. This section provides that the obligee may maintain an action in the event of breach of a bid or performance bond. GA.CODE ANN. § 36–82–104(a) (Michie 1991). In the case of breach of a payment bond, however, the Code provides that the right to bring an action on the bond lies with persons "entitled to the protection of the payment bond." *Id.* § 36–82–104(b).

---

2. The specific Code section at issue in *McCall* was § 33–4–6 rather than § 10–7–30. However, the Georgia courts have observed that these two sections are "virtually identical"—the only difference being that § 33–4–6 applies to the liability of insurance companies on insurance contracts while § 10–7–30 applies to the liability of sureties on suretyship contracts. *Columbus Fire & Safety Equip. Co. v. American Druggist Ins. Co.*, 166 Ga.App. 509, 510, 304 S.E.2d 471 (1983).

3. Cox also argues that he could not wait sixty days because the claim for litigation costs was a compulsory counterclaim and had to be raised immediately. (Cox's Opp'n to Mot. for Summ. J. at 3). However, because, as Judge Evans observed, "the liability of a surety . . . for statutory bad faith penalties simply does not accrue until sixty days have passed," *Pace Constr.*, 613 F.Supp. at 1195, this claim could not have been compulsory at the time Cox filed his Counterclaim.

The section goes on to state that "[e]very action instituted under this Code section shall be brought in the name of the claimant, without the state, county, municipal corporation, or public board or body for which the work was done or was to be done being made a party thereto." *Id.* § 36–82–104(d).

■ The Georgia Courts have observed that payment bonds are intended to protect laborers and materialmen rather than the obligee of the bond. *Fireman's Fund Ins. Co. v. Fischer & Porter Co.,* 143 Ga.App. 533, 535, 239 S.E.2d 174 (1977). Accordingly, the Court concludes that the City, as obligee, is not a "person entitled to the protection of the payment bond" within the meaning of § 36–82–104 and, as a result, does not have the right to bring an action on the payment bond. *See Trustees of Bricklayers Local No. 3 v. Reeco,* 747 F.Supp. 606, 612 (D.Nev.1990) (payment bond obligee who was not materialman or supplier could not state claim under payment bond); *Board of Educ. v. Hartford Accident and Indemnity Co.,* 152 Ill.App.3d 745, 754, 105 Ill.Dec. 715, 721, 504 N.E.2d 1000, 1006 (1987) (board of education failed to state cause of action on payment bond because bond was not executed for board's benefit). Thus, summary judgment is appropriate as to the City's payment bond cause of action.

## CONCLUSION

For the foregoing reasons, Third Party Plaintiff's Motion for Partial Summary Judgment [35] is **GRANTED,** Third Party Plaintiff's Motion for Partial Summary Judgment [36] is **DENIED AS MOOT,** and Third Party Plaintiff's Motion for Partial Summary Judgment [37] is **GRANTED.**

SO ORDERED.