## A94A1709. HOWELL v. SOUTHERN HERITAGE INSURANCE COMPANY.
### (448 SE2d 275)

BIRDSONG, Presiding Judge.

William L. Howell appeals from the grant of summary judgment to Southern Heritage Insurance Company on his claims against Southern Heritage for punitive damages under OCGA § 33-4-6 and attorney fees and expenses of litigation under OCGA § 13-6-11. Howell claims that, in bad faith, Southern Heritage refused his demand for payment of personal injury protection ("PIP") benefits.

Howell, a truck driver, was injured unloading one of his employer's trucks. Several months later he filed a claim with Southern Heritage as his PIP insurance carrier. Although Southern Heritage initially questioned coverage, it made a partial payment of $18,000 based upon the opinion of one of Howell's treating physicians that Howell was cured and able to return to work. Then, following an independent medical examination which found that Howell was still disabled, Southern Heritage tendered another payment for the full amount of the PIP benefits due. Howell, however, rejected this payment because an endorsement on the check stated that the payment was for the full amount owed him, and Howell intended to pursue a PIP claim under OCGA § 33-4-6 for the penalties authorized when PIP benefits are not timely paid.

Asserting uncertainty whether possible payments under its policy might duplicate those paid by the insurance carrier covering the truck that Howell was unloading when he was injured, Southern Heritage filed a declaratory judgment action. Howell answered and filed a counterclaim for penalties under OCGA § 33-4-6. Following this court's decision in Terry v. State Farm Mut. Auto. Ins. Co., 205 Ga. App. 224 (422 SE2d 212), holding that penalties under OCGA § 33-4-6 were no longer authorized, Howell amended his complaint to assert claims under OCGA §§ 33-4-6 and 13-6-11.

After the trial court granted Southern Heritage's motion for summary judgment, Howell filed this appeal pursuant to OCGA § 9-11-56 (h). He contends the trial court erred because the tender of the payment was conditional. Held:

1. Pretermitting Howell's argument concerning the conditional tender, it is apparent that the court below correctly granted summary judgment to Southern Heritage. An insurance company is liable for penalties under OCGA § 33-4-6 when it fails to pay a covered loss within 60 days after a demand for payment has been made and there has been a finding that the refusal to pay was in bad faith. The purpose of the section is to penalize insurers that delay payments without good cause. Ga. Intl. Life Ins. Co. v. Harden, 158 Ga. App. 450 (280 SE2d 863).

As the section imposes a penalty, it is strictly construed (*Progressive Cas. Ins. Co. v. Avery*, 165 Ga. App. 703 (302 SE2d 605)); consequently, a proper demand for payment is essential to recovery. *Hanover Ins. Co. v. Hallford*, 127 Ga. App. 322 (193 SE2d 235). In this sense, a demand for payment must be made when immediate payment is in order. *Buffalo Ins. Co. v. Star Photo Finishing Co.*, 120 Ga. App. 697 (172 SE2d 159).

As Howell's counterclaim seeking penalties for bad faith refusal to pay his PIP claim was filed on March 10, 1992, and the letter which constitutes the demand under OCGA § 33-4-6 is dated July 6, 1992, the demand was not proper under OCGA § 33-4-6 even though Howell subsequently amended his complaint to assert a claim under OCGA § 33-4-6.

2. Howell's claim for attorney fees and expenses of litigation under OCGA § 13-6-11 is not authorized. The penalties contained in OCGA § 33-4-6 are the exclusive remedies for an insurer's bad faith refusal to pay insurance proceeds. *McCall v. Allstate Ins. Co.*, 251 Ga. 869 (310 SE2d 513).

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED AUGUST 29, 1994.

*McCrimmon & McCrimmon, Edward W. McCrimmon*, for appellant.

*Dennis, Corry, Porter & Gray, Frederick D. Evans III*, for appellee.

