A97A0688. INTEGON GENERAL INSURANCE CORPORATION
v. GIBSON.
(485 SE2d 576)

ELDRIDGE, Judge.

On August 9, 1991, Carolyn S. Fairfax and appellee Eugene Gibson purchased a 1989 Chevrolet Silverado pick-up truck ("vehicle"), Vehicle Identification Number 1GCDC14K2166710, from Charlie Pike Chevrolet-Buick, Inc. ("Pike"), which is located in Warner Robins, Georgia. The purchase was financed by the seller pursuant to the provisions of a finance contract between appellee, Fairfax, and the seller. That contract shows Fairfax as "Buyer," and appellee as "Co-Buyer" and holds both individuals jointly and severally liable for the note. The vehicle was given as security for the note. The finance contract between appellee, Fairfax, and the seller was assigned to General Motors Acceptance Corporation ("GMAC").

Appellant Integon General Insurance Corporation issued a policy of insurance to appellee on the vehicle, policy no. SAG 8067060, which was effective February 28, 1994 through February 28, 1995, and which showed GMAC, the secured creditor, as loss payee. The named insured was the appellee, and the declaration pages showed Eugene Gibson and Gwendolyn S. Gibson as drivers. Fairfax's name does not appear on the policy as an insured or otherwise.

On July 11, 1994, the vehicle was stolen. Appellee reported this loss to appellant on or about July 12, 1994. Appellant investigated the loss and determined the value of the vehicle at the time of the

loss to be $6,900.[1] In a letter dated November 2, 1994, appellant, contending that appellee had insured only his one-half property interest in the vehicle, offered appellee 50 percent of its valuation, or $3,450. Appellee did not accept this offer. Appellant made this identical offer to appellee on three more occasions, April 17, 1995, April 26, 1995, and August 18, 1995. Appellee refused each of these offers.

On February 21, 1995, GMAC, the lienholder on the vehicle and loss payee on the policy, filed the complaint in the case sub judice against appellee and Fairfax, alleging breach of contract for their failure to make payments on the note. Both appellee and Fairfax filed timely answers, and appellee filed a counterclaim against GMAC. On July 20, 1995, appellee alone brought his third-party complaint against appellant. On June 23, 1995, appellant made an offer of settlement of the claim in the amount of $3,450 directly to GMAC, which offer was not accepted. When the respective offers were not accepted either by appellee or GMAC, appellant, pursuant to a consent order signed on August 19, 1995, tendered $3,450 into the registry of the court, requesting that the funds be placed in an interest-bearing account.

On January 29, 1996, appellant filed a motion for partial summary judgment against appellee. On February 23, 1996, appellee filed his own motion for partial summary judgment. On March 11, 1996, GMAC filed a motion for summary judgment against appellee and Fairfax. All pending motions were heard by the trial court on May 21, 1996. On June 4, 1996, the trial court entered an order granting GMAC's motion for summary judgment. However, the trial court on June 21, 1996, entered an order staying the enforcement of that order, pending resolution of appellee's and appellant's mutual motions for partial summary judgment. On August 29, 1996, the trial court issued an order granting appellee's motion for partial summary judgment and simultaneously denying appellant's motion for partial summary judgment. Notice of this order was sent in an untimely fashion to appellant, which error the trial court remedied by vacating and re-entering the order on October 3, 1996. It is from this order that appellant appeals.

1. In four enumerations of error, appellant alleges that the trial court erred as a matter of law in determining that appellee's interest in the vehicle was in the preservation of the vehicle as a whole; that, therefore, his insurable interest in the vehicle equaled 100 percent of the value of the vehicle; and that appellant, as appellee's insurer,

---

[1] An issue of fact exists as to the exact value of the vehicle. Appellant claims the value of the vehicle at the time of the loss to be $6,900, while appellee claims such value to be $12,000. However, the value of the vehicle was not an issue before the trial court on the respective motions for partial summary judgment.

was liable for the entire amount.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

OCGA § 33-24-4 (a) defines "insurable interest" as "any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment." Subsection (c) further specifies that the measure of recovery for that interest "is the extent to which the insured might be damnified by loss, injury, or impairment of such interest in such property." " 'Title is not the sole test for determining an insurable interest. It is sufficient if the insured holds such a relation to the property that its destruction . . . would result in pecuniary loss to him. The test of insurable interest in property is whether the insured has such a right, title, or interest therein, or relation thereto, that he will be benefited by its preservation and continued existence, or suffer a direct pecuniary loss from its destruction or injury by the peril insured against.' (Citations and punctuation omitted.) *Allstate Ins. Co. v. Thompson*, 164 Ga. App. 508, 509 (297 SE2d 520) (1982). See *Pike v. American Alliance Ins. Co.*, 160 Ga. 755, 760-61 (129 SE 53) (1925)." *Ga. Farm Bureau Mut. Ins. Co. v. Smith*, 179 Ga. App. 399, 402 (1) (346 SE2d 848) (1986); see also *American Reliable Ins. Co. v. Woodward*, 143 Ga. App. 652, 653 (239 SE2d 543) (1977). This Court has held that, even if one does not have title to property, if he is indebted on such property and the property stands as security for such indebtedness, he has an insurable interest. *Employers Fire Ins. Co. v. Pennsylvania Millers Mut. Ins. Co.*, 116 Ga. App. 433 (157 SE2d 807) (1967); see also *Mathis v. Rock Springs Wholesale Co.*, 157 Ga. App. 726 (278 SE2d 484) (1981) (a person without title to property who is secondarily liable on a note for which such property stands as security has an insurable interest therein).

Although appellee was listed as "Co-Buyer" of the vehicle on the finance contract and held title to the vehicle with another, his insurable interest is not limited to his one-half ownership. Under the terms and conditions of the note, he was jointly and severally liable for the entire debt upon which the vehicle was given as security. Therefore, appellee's interest in the vehicle was in the preservation of the vehicle as a whole, and appellee's insurable interest in the vehicle equaled 100 percent of its value. Appellee was required under the terms of the note to obtain physical damage insurance covering loss or damage to the vehicle as a whole for the term of the note, which appellee sought to obtain from appellant. Appellant knew that GMAC held a security interest in the vehicle and, therefore, was

aware of appellee's interest in the preservation of the vehicle as a whole when it entered into the contract of insurance with appellee.[2] This is evidenced by appellant listing GMAC as the loss payee on such contract of insurance. Therefore, appellant, as insurer of the vehicle, is liable to appellee for the entire value of the vehicle.

2. Appellee's motion for frivolous appeal is denied.

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 3, 1997 —
RECONSIDERATION DENIED APRIL 10, 1997 — 
 Before Judge Culpepper.
*Drew, Eckl & Farnham, Clayton H. Farnham, Charles L. Norton, Jr.,* for appellant.
*Groover & Childs, W. Thomas Griffith, McCullough & Payne, Gregson T. Haan, Nancy A. Atkinson,* for appellee.

---

[2] The case sub judice can be distinguished on the facts from the case of *Shield Ins. Co. v. Kemp,* 117 Ga. App. 538 (160 SE2d 915) (1968), cited by the appellant. In *Shield Ins. Co.,* the contract of insurance specifically stated that it insured only "to the extent of the actual cash value of the property at the time of loss but not exceeding (the cost of repair or replacement) *nor in any event for more than the interest of the insured. . . ."* (Emphasis in original.) Id. at 539 (2). Such limiting language is not present in the policy of insurance presently before this Court.