A98A2011. CAGLE et al. v. STATE FARM FIRE & CASUALTY COMPANY.
(512 SE2d 717)

RUFFIN, Judge.

Brad and Marty Cagle sued State Farm Fire & Casualty Company to recover for a loss pursuant to an insurance policy. They also asserted a claim under OCGA § 33-4-6 for bad faith refusal to pay the loss. After State Farm paid the policy limits, the trial court granted summary judgment to State Farm on the bad faith claim, and plaintiffs appeal this ruling. Because plaintiffs failed to make a timely demand for payment as required by OCGA § 33-4-6, we affirm.[1]

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Plaintiffs suffered a loss under the insurance policy when a mini-warehouse in which they had stored certain items of personal property was destroyed by fire on December 21, 1994. Plaintiffs notified State Farm of the fire on December 22, 1994, and State Farm sent

---

[1] Plaintiffs' complaint also asserted a claim for attorney fees and expenses of litigation under OCGA § 13-6-11. This claim was not addressed in the trial court's order and is not raised by plaintiffs on appeal. However, we note that "[t]he penalties contained in OCGA § 33-4-6 are the exclusive remedies for an insurer's bad faith refusal to pay insurance proceeds." *Howell v. Southern Heritage Ins. Co.*, 214 Ga. App. 536, 537 (2) (448 SE2d 275) (1994).

plaintiffs personal property inventory forms for plaintiffs to list the damaged items. Plaintiffs were obligated under the policy to complete such forms as part of their proof of loss. Although State Farm contacted plaintiffs numerous times over the next several months requesting the inventory forms, plaintiffs did not submit such forms to State Farm until October 26, 1995, more than 11 months after the loss. Between October 26, 1995 and November 13, 1995, plaintiffs submitted 52 pages of inventory forms listing personal property worth approximately $140,000, well in excess of the policy limits of approximately $65,000. Under the insurance policy, a loss was not payable until 60 days after State Farm received the insured's proof of loss, including the inventory forms.

On December 20, 1995, plaintiffs filed this lawsuit against State Farm, seeking recovery under the policy and bad faith penalties under OCGA § 33-4-6. On the same day, plaintiffs' attorney sent State Farm a letter demanding payment of the policy limits and stating that they would seek bad faith penalties and attorney fees under OCGA § 33-4-6 if payment was not made within 60 days.

"An insurance company is liable for penalties under OCGA § 33-4-6 when it fails to pay a covered loss within 60 days after a demand for payment has been made and there has been a finding that the refusal to pay was in bad faith. The purpose of the section is to penalize insurers that delay payments without good cause. As the section imposes a penalty, it is strictly construed; consequently, a proper demand for payment is essential to recovery. In this sense, a demand for payment must be made when immediate payment is in order." (Citations omitted.) *Howell v. Southern Heritage Ins. Co.*, 214 Ga. App. 536-537 (1) (448 SE2d 275) (1994). It is well settled that, in order to assert a claim under OCGA § 33-4-6, the demand for payment be made at least 60 days before suit is filed. See *Guarantee Reserve Life Ins. Co. v. Norris*, 219 Ga. 573, 575 (134 SE2d 774) (1964). "[A] failure to wait at least 60 days between making demand and filing suit constitutes an absolute bar to recovery of a bad-faith penalty and attorney fees under this statute." *Blue Cross & Blue Shield v. Merrell*, 170 Ga. App. 86, 87 (316 SE2d 548) (1984). In this case, plaintiffs did not make a demand for payment at least 60 days before filing suit. Indeed, they sent their demand for payment to State Farm on the very day they filed suit.[2] Accordingly, State Farm

---

[2] It does not appear that this demand constituted a proper demand under OCGA § 33-4-6, since the loss was not payable until 60 days after the insureds submitted their proof of loss, which occurred no earlier than October 26, 1995, when plaintiffs submitted their first property inventory lists. "[T]he demand must be made at a time when a demand for immediate payment is in order." (Punctuation omitted.) *Napp v. American Cas. Co.*, 110 Ga. App. 673, 675 (2) (139 SE2d 425) (1964). Nevertheless, it is not necessary to consider this issue, since the demand, even if proper, was not made 60 days before suit was filed.

was entitled to summary judgment on plaintiffs' claims under OCGA § 33-4-6. See *Howell*, supra; *Norris*, supra.

Plaintiffs contend that it would be inequitable to bar their claim because they were forced to file suit before the 60-day period expired due to a policy provision requiring that any actions be brought within one year after the date of loss. However, nothing in the case law suggests that there is an equitable exception to the 60-day rule if the lawsuit is filed shortly before the expiration of a limitation period. Indeed, we have held that, because "the section imposes a penalty, it is strictly construed; consequently, a proper demand for payment is essential to recovery." (Citations omitted.) *Howell*, supra at 537 (1). Moreover, even if there were an equitable exception to the 60-day rule, plaintiffs would not be entitled to such an exception in this case. Plaintiffs' failure to make a timely demand for payment stemmed from their 11-month delay in submitting the property inventory forms required by the policy, despite frequent requests therefor by State Farm. Having waited 11 months to submit the necessary documentation, plaintiffs cannot now complain that they were "forced" to file suit before the expiration of the 60-day period. " 'It was the misfortune of the insured[s] that [they] so long delayed that, at the time [they were] aroused to action, [they] did not have time sufficient to submit [their] proofs of loss at least sixty days before the expiration of the twelve months within which [they] could bring [their] action in the event the company declined to pay the loss.' *Graham v. Niagara Fire Ins. Co.*, 106 Ga. 840, 842 (32 SE 579) [(1899)]." *Buffalo Ins. Co. v. Star Photo Finishing Co.*, 120 Ga. App. 697, 708 (4) (a) (172 SE2d 159) (1969).

Plaintiffs also point out that they offered to give State Farm a 30-day extension in which to answer the complaint, thus effectively allowing State Farm 60 days to process the demand for payment. However, the case law is clear that the demand for payment must be made at least 60 days before suit is filed, not 60 days before an answer is required. Indeed, in *Norris*, the demand for payment was made 51 days before suit was filed, so the 60-day period would have expired before an answer was due. *Norris*, supra at 575. Nevertheless, the Supreme Court held that the defendant was entitled to judgment as a matter of law because the demand was not made 60 days before suit was filed. Id. Similarly, plaintiffs' claims in this case are barred due to their failure to make a proper demand 60 days before filing suit.

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED MARCH 2, 1999 —

*Akin & Tate, William M. Akin, Samuel L. Tate III*, for appellants.

*Swift, Currie, McGhee & Hiers, Thomas D. Martin, Eleanor L. Martel,* for appellee.