A99A1352. BROWN v. OHIO CASUALTY INSURANCE COMPANY.
(519 SE2d 726)

BLACKBURN, Presiding Judge.

In this declaratory judgment action, Louise Brown appeals from the grant of summary judgment to Ohio Casualty Insurance Company (Ohio Casualty) on her claim for bad faith penalties and insurance proceeds resulting from coverage damage to her residence and personal belongings caused by an act of vandalism. As the policy excludes damage caused intentionally by an insured, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Viewed in this light, the evidence shows that Brown and her husband, Johnny Mack Brown, were named insureds on a homeowners policy issued by Ohio Casualty, policy number DHO 0840 529. The policy contained an "intentional loss exclusion" which provided in relevant part:

> (1) We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. . . . (h) Intentional loss, meaning any loss arising out of any act committed: (1) by or at the direction of an "insured"; and (2) with the intent to cause a loss.

The Browns had marital difficulties and separated. In May 1995, the Browns entered into a separation agreement in which Johnny Mack Brown agreed to quitclaim his interest in the property at 737 Miquel Drive to Louise Brown. Louise Brown agreed to assume all indebtedness for the home and agreed to make the monthly mortgage payments. Johnny Mack Brown executed a quitclaim deed in May, but it was not filed with the county.

On October 21, 1995, Johnny Mack Brown broke into the insured home and inflicted damage to the residence and to some of Brown's personal property. At the time of the loss, the Browns were not divorced. Both Brown and Johnny Mack Brown were still on the deed to the insured residence. Additionally, both Brown and Johnny Mack Brown were still jointly and severally liable on the mortgage.[1]

On October 24, 1995 the Browns were divorced. On October 30, 1995 the quitclaim deed was filed in DeKalb County by which Johnny Mack Brown relinquished his title to the insured property to Brown.

After the loss, Brown made a claim on the homeowners policy issued by Ohio Casualty. Ohio Casualty filed a declaratory judgment action asking the court to determine whether the intentional loss exclusion barred coverage of the claim.[2] Brown counterclaimed for bad faith penalties pursuant to OCGA § 33-4-6.

1. Brown argues that the trial court erroneously granted summary judgment to Ohio Casualty on her claim for bad faith penalties brought pursuant to OCGA § 33-4-6. As an initial matter, we note that Brown has failed to identify in the notice of appeal the trial court's order granting summary judgment to Ohio Casualty in the bad faith claim. See OCGA § 5-6-37 (a notice of appeal must contain a concise statement of the judgment or order which entitles the appellant to take an appeal). However, as Brown has listed the judgment in her enumerations of error and argued the matter in her briefs, we will consider her appeal on this matter. OCGA § 5-6-48 (f).[3]

An insurance company is liable for penalties under OCGA § 33-4-6 when it fails to pay a covered loss within 60 days after a demand for payment has been made and there has been a finding that the refusal to pay was in bad faith. The purpose of the section is to penalize insurers that delay payments without good cause. As the section imposes a penalty, it is strictly construed; consequently, a proper demand for payment is essential to recovery. In this sense, a demand for payment must be made when immediate payment is in order.

---

[1] Both Brown and Johnny Mack Brown had assumed the mortgage of the sellers of the property.

[2] Johnny Mack Brown was also named in the declaratory judgment action, but he failed to answer.

[3] Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from. OCGA § 5-6-48 (f).

(Citations omitted.) *Howell v. Southern Heritage Ins. Co.*, 214 Ga. App. 536, 537 (1) (448 SE2d 275) (1994).

Brown failed to make a demand for payment prior to filing suit. "[A] failure to wait at least 60 days between making demand and filing suit constitutes an absolute bar to recovery of a bad-faith penalty and attorney fees under this statute." *Blue Cross & Blue Shield &c. v. Merrell*, 170 Ga. App. 86, 87 (316 SE2d 548) (1984). Brown argues that she submitted a claim for the loss; however, "a proof of loss is not a demand for payment thereof under the plain provisions of the statute. . . . [The] statute requires the insured to make an actual demand on the insurer for payment of her loss 60 days before filing a suit therefor." *Guarantee Reserve Life Ins. Co. v. Norris*, 219 Ga. 573, 575 (134 SE2d 774) (1964). The trial court properly granted summary judgment to Ohio Casualty on Brown's bad faith claim.

2. Brown argues that the trial court erred by granting summary judgment to Ohio Casualty on her coverage claim contending that genuine issues of material facts remain to be decided. Brown argues first that her husband was not an insured on the policy. This argument is meritless as Johnny Mack Brown is a named insured on the policy.

Brown next argues that the policy was not enforceable against her estranged husband because he did not have an insurable interest in the property. See OCGA § 33-24-4 (b). Brown relies on the unfiled quitclaim deed executed in May 1995, although not recorded until after the vandalism took place. " '[I]nsurable' interest means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment." OCGA § 33-24-4 (a). Thus,

> [t]itle is not the sole test for determining an insurable interest. . . . The test of insurable interest in property is whether the insured has such a right, title, or interest therein, or relation thereto, that he will be benefited by its preservation and continued existence, or suffer a direct pecuniary loss from its destruction or injury by the peril insured against. This Court has held that, even if one does not have title to property, if he is indebted on such property and the property stands as security for such indebtedness, he has an insurable interest.

(Punctuation omitted.) *Integon Gen. Ins. Corp. v. Gibson*, 226 Ga. App. 152, 154 (1) (485 SE2d 576) (1997).

Despite relinquishing title to the property to Brown, Johnny Mack Brown retained an insurable interest in the property. At the

time of the loss, Johnny Mack Brown, a grantee on the warranty deed, was liable under the mortgage assumption agreement and the security deed. Consequently he had an insurable interest in the property as of the date of the loss. The policy is enforceable as to Johnny Mack Brown.

Brown also disputes that her husband damaged the insured residence, contending there is no evidence he did so. The identity of the person who damaged the property was the subject of a police report filed by Brown at the time of the vandalism and, subsequently, requests for admission served on Brown. Brown gave the police a detailed report describing her estranged husband's damaging of the property, including what he used to smash windows, what items he took and the direction he took when he fled the home. Yet, when she responded to the requests for admission, Brown could not admit or deny that her estranged husband had caused the damage, asserting that she had not seen the vandal.

On motion pursuant to OCGA § 9-11-36 (a) (3), Ohio Casualty asked the trial court to determine the sufficiency of the answers. The trial court found that Brown's responses to the requests were evasive and nonresponsive and deemed the requests admitted. Brown did not move to withdraw the admissions. Therefore, Brown has admitted that Johnny Mack Brown intentionally caused the damage for which Brown has made a claim under the policy. Id.

Having determined that Johnny Mack Brown intentionally damaged the property, we consider whether the intentional acts exclusion bars recovery by Brown. Brown contends that, as an innocent co-insured, she should be allowed to recover despite her estranged husband's acts. Whether Brown can recover under the policy "depends on whether the parties to the contract intended the obligations of the co-insureds to be joint or several." *Richards v. Hanover Ins. Co.*, 250 Ga. 613, 615 (1) (299 SE2d 561) (1983).

We look to the language of the contract to determine the intent of the parties. The intentional act exclusion excludes any intentional loss committed by "an insured." We have previously held that the phrase "an insured" creates a joint obligation between co-insureds. *Fireman's Fund Ins. Co. v. Dean*, 212 Ga. App. 262 (1) (441 SE2d 436) (1994).[4] Consequently, the exclusion is enforceable against Brown, and the claim is barred. Brown relies on *Richards*, supra, to support her contention that the obligations under the policy are several. As

---

[4] Although we rely on *Fireman's Fund Ins. Co.*, supra, which interpreted the same phrase presented here, that case had a different result due to a conflict with OCGA § 33-32-1 (a). In that case, the court held that OCGA § 33-32-1 (a), which governs standard fire policies, mandated finding several obligations as to each co-insured. Since OCGA § 33-32-1 (a) applies only to fire coverage, there is no conflict in the present case.

that case interpreted a different phrase, "the insured," its interpretation is not applicable, and her reliance is misplaced. See *Fireman's Fund Ins. Co.*, supra.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 23, 1999 —
RECONSIDERATION DENIED JULY 21, 1999

*James B. Drew, Jr.*, for appellant.
*McPhail & Associates, Jon B. McPhail, Linda H. Ambrose*, for appellee.