## 58027. WISENER v. AMERICAN SOUTHERN INSURANCE COMPANY et al.

BANKE, Judge.

The plaintiff brought suit to recover property damages and medical payments allegedly due under a policy of automobile insurance issued by the defendant insurance company. The trial court awarded summary judgment to the company on the grounds that the policy in question had expired on the date of the collision.

The policy was issued on April 11, 1977, and provided coverage for a 6-month period ending October 11, 1977. The accident occurred on May 11, 1978. The plaintiff paid the premium for the original policy in full but made no further payments for renewal coverage. Although the company contends that the evidence is in conflict on the issue, for purposes of this appeal we will assume that the plaintiff was never notified that the company intended either to renew or not to renew the policy at the expiration of its original term, i. e., October 11, 1977. Thus, under Code Ann. § 56-2430.1 (c), the policy was automatically renewed on this expiration date. See *Garner v. Government Emp. Ins. Co.,* 129 Ga. App. 235 (199 SE2d 350) (1973). However, the collision did not occur until seven months later. Thus, the question with which we are presented is whether the renewal coverage extended beyond the length of the original coverage. *Held:*

While we agree with the plaintiff that the purpose of the automatic renewal provisions is to protect both the insured and the public from loss of coverage due to oversight, we cannot agree that the legislature intended this protection to extend for all time at the insurance company's expense. Nor do we find anything in the

statute to support the plaintiff's position that the renewal period was intended to be for one year. "Renewal" means just that — renewal of the terms of the original policy. Where the original policy is for six months, the renewal period must be the same. Since it is undisputed that the plaintiff never paid a premium for the renewal coverage (see Code Ann. § 56-2430.1 (c) (2) (b)), we hold that the trial court did not err in granting the company's motion for summary judgment, nor in denying the plaintiff's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

ARGUED JUNE 14, 1979 — DECIDED JULY 16, 1979.

*Jeffrey B. Talley,* for appellant.
*Carter, Ansley, Smith & McLendon, Robert A. Barnaby, II, Edgar S. Mangiafico, Jr.,* for appellees.