## 66388. PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY v. PRITCHETT.

SOGNIER, Judge.

Appellee Edgar Pritchett sued to enforce payment for an automobile accident claim allegedly covered under the provisions of an automobile insurance policy issued to him by Prudential Property and Casualty Insurance Company (Prudential). Prudential moved for summary judgment on the ground that the policy had expired prior to the date of the accident due to Pritchett's failure to pay the renewal premiums, thus relieving Prudential of any obligations under the policy. The trial court denied Prudential's motion for summary judgment and we granted Prudential's request for interlocutory appeal.

Appellant issued the insurance policy to appellee for the period from July 10, 1981, to January 10, 1982. Appellant's assertions that it mailed appellee a renewal certificate in December 1981 conflicted with statements made by appellee in his pleadings that he received no communications from appellant until February 1, 1982, when a letter postmarked January 19, 1982, arrived. The letter was headed "RENEWAL — AUTOMOBILE ****LATE NOTICE****" and informed appellee that his policy had expired because of non-payment. It further stated that if the policy was to be reinstated, payment of half of the premium had to be received by appellant on or before January 28, 1982. Appellee mailed half of the premium amount on February 4th; on that same date he was involved in the automobile accident for which he seeks payment. Appellant received the tendered premium on February 8 and reinstated the policy effective that date with a lapse in coverage between the expiration of the old policy and the arrival of the tendered premium.

Appellant contends the trial court erred by denying its motion

for summary judgment because no genuine issues of material fact remain as to its obligations under the policy it issued to appellee. OCGA § 33-24-45 (Code Ann. § 56-2430.1) provides in pertinent part: "(e) No insurer shall fail to renew a policy to which this Code section applies unless a written notice of nonrenewal is mailed or delivered to the named insured at the address shown on the policy at least 30 days prior to the expiration date of the policy. . . . (f) Subsection (e) of this Code section shall not apply in case of: . . . (2) Failure of the insured to pay the premium as required by the insurer for renewal; or (3) The insurer having manifested its willingness to renew by delivering a renewal policy, renewal certificate, or other evidence of renewal to the named insured or his representative or by offering to issue a renewal policy, certificate, or other evidence of renewal or having manifested such intention by any other means." Unless one of the exceptions under subsection (f) applies, the effect of failing to timely mail or deliver written notice of nonrenewal is automatic renewal of the policy involved. *Wisener v. American Sou. Ins. Co.,* 150 Ga. App. 795 (258 SE2d 908) (1979).

1. Appellant first contends that it had no obligation under the policy because the policy was not automatically renewed. It asserts that it need not have sent a notice of nonrenewal because the nonrenewal of appellee's policy occurred solely because appellee failed to pay the renewal premium, thus barring any automatic renewal of the policy. Appellee's policy provided that "[t]his policy covers only losses during the policy period. . . . At the end of the policy period, *if we consent* and you pay the proper premium, the policy will be renewed for another period. If you don't pay the renewal premium *when required,* your coverage will end on the date the renewal payment was due." (Emphasis supplied.)

Under the policy itself, appellee was not obligated to pay renewal premiums until appellant consented to renewal of the policy. Therefore, until appellant indicated its intent to renew by communicating to appellee its consent to such renewal, appellee's failure to pay the renewal premium did not constitute an excuse barring the operation of OCGA § 33-24-45 (e)'s (Code Ann. § 56-2430.1) automatic renewal provision.

There was nothing in the policy to indicate appellant's willingness to renew (compare *Wheeler v. Standard Guaranty Ins. Co.,* 168 Ga. App. 565 (309 SE2d 805) (1983)). However, appellant argues that it had communicated its willingness to renew by mailing the certificate of renewal to appellee in December 1981, a month before the expiration date of the policy. In his pleadings appellee denied receiving any such notification. Affidavits were submitted by appellant to show that the notice had been mailed to appellee in the

normal course of its business. However, this court has held that mere mailing in itself does not constitute notice of intent to renew. *Garner v. GEICO,* 129 Ga. App. 235, 237 (199 SE2d 350) (1973). Because appellant did not show that appellee received its notice of intent to renew, appellant has failed to prove that it was not bound by its obligations under the policy. Thus, it remains a question of material fact for the jury to determine whether appellee received notice of appellant's intent to renew.

Appellant asserts that its letter of January 19, 1982, together with appellee's admission of receipt of that letter, proves it had communicated its intent to renew and, therefore, that *Garner* is not applicable here. However, the statement in appellee's pleading that he received a letter on February 1st, postmarked January 19th, indicates that his expired policy had been automatically renewed by statute a full three weeks prior to his receipt of the letter. No evidence was offered by appellant to rebut this statement made by appellee in his pleadings.

Construing OCGA § 33-24-45 (e) (Code Ann. § 56-2430.1) in relation to the exception in subsection (f)(3), a policy will be automatically renewed unless a written notice of nonrenewal is timely mailed or unless, in place of the nonrenewal notice, the insurer communicates to the insured that the insurer intends to renew the policy. This communication can be by notice, by the policy itself, or by any other method. OCGA § 33-24-45 (f)(3) (Code Ann. § 56-2430.1); *Wheeler,* supra. However, if the insured received no notice of the insurer's intention to renew, and no notice of nonrenewal is mailed by the insurer, the policy is automatically renewed. *Garner,* supra. The insurer's intent to renew cannot act to bar automatic renewal of the policy unless that intent to renew is communicated to and received by the insured prior to the expiration date of the policy. To read the statute as appellant urges would lead to the anomalous situation where an insured, currently covered by an automatically renewed policy, could afterwards receive a notice of intent to renew, such notice acting to retroactively relieve the insurer of any obligation under the policy.

2. Appellant argues that even if the policy were automatically renewed by virtue of its January 19th letter it had still given appellee all the notice required by statute in order to cancel the policy. Assuming, arguendo, that appellant had complied with all the mailing requirements for cancellation, we find that the January 19th letter itself was insufficient as a matter of law to constitute notice of cancellation because it contained no mention of cancellation and gave no date for cancellation.

3. Since appellant did not pierce appellee's pleadings that he

received no notice of renewal prior to expiration of the policy, and since the letter appellee received was legally insufficient to cancel the automatically renewed policy, appellant failed to carry its burden of proving that it had no obligation to provide coverage under the policy it issued to appellee. "On a motion for summary judgment, the burden is on the movant to produce evidence which eliminates all of the material factual issues in the case, even those which the opposing party would have the burden of proving at trial, and the opposing party is given the benefit of all reasonable doubts and all favorable inferences. Once the movant eliminates all issues, the burden *then* shifts to the opposing party to show the existence of issues of fact for the jury. [Cit.]" *Harris v. White,* 148 Ga. App. 862, 863 (253 SE2d 249) (1979). In this case, appellant's affidavits failed to eliminate any issue; therefore, the burden did not shift back to appellee. Thus, the trial court did not err by denying appellant's motion for summary judgment.

 *Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 29, 1983 —
REHEARING DENIED JANUARY 26, 1984 —

*Richard A. Marchetti,* for appellant.
*Jerry D. Sanders,* for appellee.