70282. STANDARD GUARANTY INSURANCE COMPANY v. DEPENDABLE INSURANCE COMPANY et al.
(335 SE2d 670)

SOGNIER, Judge.

Dependable Insurance Company (Dependable), as subrogee of First National Bank of Rome (First National), brought this action for damages against Standard Guaranty Insurance Company (Standard). The trial court denied Standard's motion for summary judgment and granted partial summary judgment on the issue of liability in De-

pendable's favor. Standard appeals.

Appellant insured Brenda Brewster, with a loss payable clause to First National (lienholder), for collision and comprehensive damage to a pick-up truck. Appellant later deleted the truck from the policy at Brewster's request. Appellant gave no notice to First National of its deletion of the truck from the policy. The truck, awarded to Brewster's husband in a subsequent divorce action, was wrecked several months later. First National repossessed the truck and was paid by its insurer, appellee, for damages to the truck. Appellee then sought reimbursement for that sum from appellant.

Appellant contends the trial court erred by denying its motion for summary judgment and by granting partial summary judgment in appellee's favor in that the trial court as a matter of law misconstrued OCGA § 33-24-47. OCGA § 33-24-47 (repealed effective July 1, 1984) provides: "No policy of insurance in which the interests of any lienholders named in the policy are protected by a loss payable clause may be canceled or nonrenewed by an insurer so as to destroy the protection afforded by the policy for the interests possessed by the lienholders unless notice of the cancellation or nonrenewal . . . is sent to the lienholders. . . ."

Appellant argues that OCGA § 33-24-47 is limited to instances where a policy is canceled or is not renewed and does not apply in this case where the policy continued in force but a vehicle was deleted from its coverage. "A cardinal rule of statutory construction is that courts must look to the purpose and intent of the legislature and construe statutes so as to implement that intent. [Cit.]." *Enfinger v. Intl. Indem. Co.*, 253 Ga. 185, 186 (317 SE2d 816) (1984). The legislature's intent in enacting OCGA § 33-24-47 was that lienholders be given notice by insurers when the lienholder's protection under a policy is destroyed. Appellant's deletion of the vehicle from the policy is a comparable act and had the identical effect vis-à-vis the lienholder as would cancellation or nonrenewal of the policy, i.e., the protection afforded by the policy for the lienholder's interest was destroyed. Therefore, we agree with the trial court that appellant was required by OCGA § 33-24-47 to give the lienholder notice in this instance, where its protection was destroyed by the deletion of the vehicle from the policy's coverage. See generally, *State of Ga. v. Livingston*, 222 Ga. 441, 442 (1) (150 SE2d 648) (1966).

We find no merit in appellant's additional argument that OCGA § 33-24-47 is applicable only where an insurance company takes unilateral action resulting in the destruction of a lienholder's interest and is not applicable in this case where the vehicle was deleted under the policy at the insured's request. Although it was at the insured's request that the truck was deleted from her policy, it was appellant's action which effectuated the deletion and destroyed First National's

interest. Thus, under OCGA § 33-24-47 appellant was required to give notice to the lienholder. See *Employers' Fire Ins. Co. v. Penn. Millers*, 116 Ga. App. 433, 435 (3) (157 SE2d 807) (1967). Therefore the trial court did not err by denying appellant's motion for summary judgment and by granting partial summary judgment in appellee's favor.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 17, 1985 —
REHEARING DENIED OCTOBER 1, 1985 — 

*Richard B. Eason, Jr., Carolyn J. Kennedy,* for appellant.
*Edward W. McCrimmon,* for appellees.