72579. WACO FIRE & CASUALTY INSURANCE COMPANY v. JONES.

(348 SE2d 547)

BIRDSONG, Presiding Judge.

Defendant, WACO Fire & Casualty Insurance Company (WACO), appeals from the grant of partial summary judgment to plaintiff, Elon Jones, nee Cowan. WACO had issued a one-year policy of insurance on a retail grocery known as Dudley's Grocery. Jones was the first mortgagee and was listed as the loss payee. The policy was to expire March 1, 1983. WACO offered a renewal of its policy to the insured on February 7 and 26, 1983. No response was received. No notice of the impending expiration date was sent to the mortgagee. More than fourteen months later, on May 8, 1984, the premises were destroyed by fire. Jones, as the loss payee, made demand for payment and was refused. This action followed, and both parties moved for summary judgment. The trial court granted partial summary judgment for Jones on the issue of liability and denied WACO's motion. WACO brings this appeal. Held:

1. Our code provides that no policy of insurance "in which the interests of any lienholders named in the policy are protected by a loss payable clause may be canceled or nonrenewed by an insurer so as to destroy the protection afforded by the policy for the interests possessed by the lienholders unless notice of the cancellation or nonrenewal or a copy thereof is sent to the lienholders in the manner provided for in Code Sections 33-24-44 and 33-24-45." OCGA § 33-24-47. Jones was the first mortgagee and was protected by the loss payable clause. She was not given notice that this insurance policy was not renewed. At trial, and on appeal, WACO contends that Jones was not entitled to notice as this was a lapsed policy and not a "nonrenewal."

Defendant contends this issue has been decided by this court in Barnes v. Ga. Farm &c. Ins. Co., 140 Ga. App. 515 (231 SE2d 569) and Reece v. Mass. Fire &c. Ins. Co., 107 Ga. App. 581 (130 SE2d 782). In each of these cases the policy lapsed because of nonpayment of premiums, as in the instant case, and the mortgagee was not notified. This court held that because the policy "expired by its own

terms and not having been canceled while in force, no duty was imposed upon the insurer to furnish any notice to the mortgagee. . . ." 140 Ga. App. at 515, supra. *Barnes* and *Reece* were decided while Ga. Code Ann. § 56-2430.2, and its predecessor (now OCGA § 33-24-47), were in effect. Those statutes provided for notification by the insurer to the "lienholder in the loss payable clause" whenever the policy was "*canceled* by the insurer. . . ." (Emphasis supplied.) In 1977, the legislature modified the statute to require notification to a loss payee when the policy is "canceled or nonrenewed by an insurer. . . ." Hence, the cases preceding 1977 are not authority for the obligation of an insurer to notify a loss payee when the policy is "nonrenewed."

It is obvious to all that the policy lapsed and was not "renewed." And, we cannot discern from the record whether the failure to renew the policy was intentional or due to the neglect of the mortgagor. The policy does provide that "the interest of any mortgagee . . . shall not be affected by any of the following: (a) any act or neglect of the mortgagor or owner. . . ." This court has held that "[t]he legislature's intent in enacting OCGA § 33-24-47 was that lienholders be given notice by insurers when the lienholder's protection under a policy is destroyed." *Standard Guaranty Ins. Co. v. Dependable Ins. Co.*, 176 Ga. App. 276, 277 (335 SE2d 670). WACO's failure to notify the loss payee of the nonrenewal of this policy had the effect of destroying the protection afforded the lienholder by the policy. Therefore, we agree with the trial court that the intent of the legislature in enacting the change to OCGA § 33-24-47 to include "nonrenewed" as well as "canceled" was to include within the ambit of protected lienholders to be given notice the loss payee when the insurance policy is not renewed.

2. We do not find *Wisener v. American Southern Ins. Co.*, 150 Ga. App. 795 (258 SE2d 908) to require a different result. Wisener let an auto insurance policy lapse for non-payment of premiums and although this court found the policy was automatically renewed on the expiration date, when the accident occurred one month after the conclusion of the policy as extended we said "we cannot agree that the legislature intended this protection to extend for all time at the insurance company's expense." 150 Ga. App. at 795. Hence, WACO argues here that even if we find the policy was renewed in the instant case, it could not extend coverage beyond the next renewal period. *Wisener* involved the failure of an insured to renew his own insurance. The instant case involves the lack of notice to a loss payee who never had any inkling or notice that the mortgaged property was not covered by insurance. This is the purpose and intent of the statute. Because an insured mortgagor may not notify a mortgagee of the failure to keep the mortgaged property insured, the statute placed the burden on the insured. The insured failed to carry out its statutory duty to the mortgagee. The insured mortgagor, the same as Wisener, had the obli-

gation to make the payment, and knew, or should have known of the non-payment of the premium. The mortgagee had no means of knowing that the insurance policy was not renewed if the insurer failed in its statutory duty. *Wisener* is not controlling as to a mortgagee.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED JULY 7, 1986 —
REHEARING DENIED JULY 29, 1986

*James M. Poe, Debra L. Mixon,* for appellant.
*Robert H. McDonnell,* for appellee.