A06A0136. KING v. ATLANTA CASUALTY INSURANCE COMPANY.

(631 SE2d 786)

ELLINGTON, Judge

Melvin King sued Atlanta Casualty Company[1] in the Superior Court of Thomas County for damages arising out of Atlanta Casualty's alleged bad faith in refusing to settle King's property damage claim against Atlanta Casualty's insured. The trial court granted summary judgment to Atlanta Casualty. King appeals, and we affirm for the reasons set forth below.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (503 SE2d 581) (1998).

So viewed, the evidence shows the following. On July 23, 2002, King's car collided with a car driven by Christina Y. McBride and owned by Alice Patrice Brown. Atlanta Casualty insured Brown, and GuideOne Insurance Company insured King. Shortly after the collision, King contacted both insurers about his claim for damage to his car.

GuideOne assigned King's claim to adjuster Wendy Haff. King told Haff that Atlanta Casualty was giving him a hard time, and that

---

[1] Although sued as "Atlanta Casualty Insurance Company," the parties agree that the appellee's name is Atlanta Casualty Company.

he wanted GuideOne to handle the claim for him. Haff was willing to proceed on this basis because, as a GuideOne agent deposed, "if our policyholder want[s] us to handle their claim and subrogate, that's what we do." Haff then spoke with Harold Braswell, who was adjusting the claim for Atlanta Casualty, and Braswell indicated that Atlanta Casualty would accept responsibility for the damages. However, Haff told Braswell that GuideOne "was going to take care of the damages," and then pursue a subrogation claim against Atlanta Casualty.

On September 18, 2002, King's attorney mailed a certified letter to Braswell demanding that Atlanta Casualty settle King's property damage claim for $5,000. The same day, King's attorney mailed a certified letter to Haff demanding that GuideOne settle King's property damage claim for $5,000. After Braswell received the letter from King's attorney, Braswell called Haff, who told him that GuideOne had "handled" King's claim, although she did not say it had been paid. According to Braswell, he also telephoned King's attorney on September 24, 2002 and left a message. Braswell's subsequent entries to the case file showed he was waiting on a subrogation claim from GuideOne.

Neither GuideOne nor Atlanta Casualty gave a written response to King's demand for a settlement. However, on October 29, 2002, GuideOne offered to settle King's property damage claim for $3,515.10. On March 4, 2003, GuideOne offered to settle the claim for $3,750. On May 20, 2003, King sued McBride and Brown for damages arising out of the collision, and in the same action he sued GuideOne and Atlanta Casualty for damages under OCGA §§ 33-4-6 and 33-4-7, respectively, for their alleged bad faith in refusing to settle King's claims. King amended his complaint to include claims against Atlanta Casualty in tort, in contract as a third-party beneficiary of Brown's insurance policy, and for attorney fees under OCGA § 13-6-11. Following a hearing, the trial court granted Atlanta Casualty's motion for summary judgment.

1. The primary issue is whether Atlanta Casualty was entitled to summary judgment on King's claim under OCGA § 33-4-7, which imposes an affirmative duty on the insurer of property covered by a motor vehicle liability insurance policy to adjust losses "fairly and promptly, to make a reasonable effort to investigate and evaluate the claim, and, where liability is reasonably clear, to make a good faith effort to settle with the claimant potentially entitled to recover against the insured under such policy." OCGA § 33-4-7 (a). An insurer who breaches this duty may be liable to pay such claimant "in addition to the loss, not more than 50 percent of the liability of the insured for the loss or $5,000.00, whichever is greater, and all

reasonable attorney's fees for the prosecution of the action." Id. OCGA § 33-4-7 (c) further provides that

> [a] claimant shall be entitled to recover under [OCGA § 33-4-7 (a)] if the claimant or the claimant's attorney has delivered to the insurer a demand letter . . . offering to settle for an amount certain; the insurer has refused or declined to do so within 60 days of receipt of such demand, thereby compelling the claimant to institute or continue suit to recover; and the claimant ultimately recovers an amount equal to or in excess of the claimant's demand.

King contends that there remains an issue of material fact because he is a claimant potentially entitled to recover under Brown's policy with Atlanta Casualty, he sent a demand letter to Atlanta Casualty offering to settle his property damage claim for an amount certain, Atlanta Casualty declined to settle within 60 days of receipt of the demand, he was compelled to sue, and he may yet recover an amount equal to or in excess of his demand. Atlanta Casualty contends that the trial court correctly granted summary judgment in its favor because there is no evidence that Atlanta Casualty refused to settle the claim in bad faith. We agree with Atlanta Casualty.

Notwithstanding the provisions of OCGA § 33-4-7 (c), the ultimate determination of the insurer's liability rests with the trier of fact upon consideration of "whether bad faith existed in the handling or adjustment of the attempted settlement of the claim or action in question." OCGA § 33-4-7 (d). See also OCGA § 33-4-7 (f) ("[t]he amount of recovery, including reasonable attorney's fees, if any, shall be determined by the trier of fact"). Furthermore, an insurer breaches its duty under OCGA § 33-4-7 (a) only "when, after investigation of the claim, liability has become reasonably clear and the insurer in bad faith offers less than the amount reasonably owed under all the circumstances of which the insurer is aware." OCGA § 33-4-7 (b).

We have not previously addressed what constitutes bad faith for purposes of OCGA § 33-4-7, but the statutory language of OCGA § 33-4-7 is similar to OCGA § 33-4-6, which provides that an insured may, in certain circumstances, recover damages for his insurer's bad faith failure to pay a covered claim. Given the similarity between the two statutes, we find the case law applying OCGA § 33-4-6 to be persuasive here. Bad faith for purposes of OCGA § 33-4-6 is any frivolous and unfounded refusal in law or in fact to pay according to the terms of the policy. See *Fortson v. Cotton States Mut. Ins. Co.*, 168 Ga. App. 155, 157 (1) (308 SE2d 382) (1983). For purposes of OCGA § 33-4-6, "[o]rdinarily, the question of good or bad faith is for the jury,

but when there is no evidence of unfounded reason for the nonpayment, or if the issue of liability is close, the court should disallow imposition of bad faith penalties." (Punctuation and footnote omitted.) *Florida Intl. Indem. Co. v. Osgood*, 233 Ga. App. 111, 115-116 (3) (503 SE2d 371) (1998). If no evidence of bad faith is presented, the insurer is entitled to summary judgment on an insured's claim for damages under OCGA § 33-4-6. *Ga. Farm &c. Ins. Co. v. Williams*, 266 Ga. App. 540, 542 (2) (597 SE2d 430) (2004). Similarly, we conclude that if King can show no evidence of bad faith on the part of Atlanta Casualty in refusing to settle his claim, then Atlanta Casualty is entitled to summary judgment as to its liability under OCGA § 33-4-7.

The evidence in this case does not show any conduct by Atlanta Casualty which a trier of fact could conclude rose to the level of bad faith. Atlanta Casualty did not settle King's property damage claim because Braswell believed that, at King's request, GuideOne was assuming responsibility for settling King's claim, and that GuideOne would then seek subrogation from Atlanta Casualty. King argues that when Braswell received King's demand letter that Atlanta Casualty should have been alerted that King was no longer looking solely to GuideOne for payment. However, after he received the demand letters, Braswell contacted Haff, and she confirmed that GuideOne had "handled" King's claim. Furthermore, King sent a demand letter to GuideOne on the same day he sent a demand letter to Atlanta Casualty, indicating that he was still looking to GuideOne for payment. King shows no reason why he could legitimately expect to be paid by both insurers for the same loss. See, e.g., *Ga. Farm &c. Ins. Co. v. Harper*, 272 Ga. App. 536, 538 (1) (612 SE2d 861) (2005) (the law does not favor a double recovery). It follows that the trial court did not err in granting summary judgment to Atlanta Casualty as to King's claim under OCGA § 33-4-7.

2. The trial court also properly granted summary judgment to Atlanta Casualty on King's remaining claims, which include a contract claim as the third-party beneficiary of Brown's policy, in tort generally, for attorney fees under OCGA § 13-6-11, and for punitive damages and costs. King admits in his reply brief that he has abandoned any direct claim against Atlanta Casualty arising solely as a third-party beneficiary of Brown's policy. King also admits that his case arises primarily under the provisions of OCGA § 33-4-7, and he shows no basis, apart from OCGA § 33-4-7, to assert a direct claim against Atlanta Casualty under the facts presented. See *Richards v. State Farm &c. Ins. Co.*, 252 Ga. App. 45, 46-47 (555 SE2d 506) (2001); *Caudill v. Strickland*, 230 Ga. App. 644 (1) (498 SE2d 81) (1998) ("[t]he general rule is that because there is no privity of contract, a party may not bring a direct action against the liability insurer of the

party who allegedly caused the damage unless there is an unsatisfied judgment against the insured or it is specifically permitted either by statute or a provision in the policy") (citations and punctuation omitted). Accordingly, the trial court did not err in granting summary judgment to Atlanta Casualty.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED MAY 25, 2006.

*Berry B. Earle III*, for appellant.
*Alexander & Vann, William C. Sanders*, for appellee.