## A07A0429. BAYROCK MORTGAGE CORPORATION v. CHICAGO TITLE INSURANCE COMPANY.

(648 SE2d 433)

MILLER, Judge.

BayRock Mortgage Corporation ("BayRock") filed a complaint against Chicago Title Insurance Company ("Chicago Title") under OCGA § 33-4-6 (a), alleging a bad faith refusal to pay a claim made by BayRock under a title insurance policy issued by Chicago Title. Chicago Title answered, denied BayRock's claims, and counter-claimed for declaratory relief and litigation expenses. The parties thereafter filed cross-motions for summary judgment. The trial court granted Chicago Title's motion, denied BayRock's motion, and authorized Chicago Title to quitclaim the refinanced property to Bay-Rock in full satisfaction of its duties and obligations under the Policy.[1] BayRock appeals, and finding no genuine issue of material fact remaining, we affirm.

Upon motion for summary judgment, it is the movant's burden to show that no genuine issue of material fact is at issue and that he is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). The movant may discharge such burden by reference to affidavits, depositions, and other documentary evidence of record showing no evidence in support of the nonmovant's case. Id. After the movant discharges his burden, the nonmovant cannot rest on his pleadings, but instead must come forward with evidence establishing a triable issue. OCGA § 9-11-56 (e); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). We review the trial court's decision on motion for summary judgment de novo, "viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. [Cit.]" *Gilhuly v. Dockery*, 273 Ga. App. 418, 418-419 (615 SE2d 237) (2005).

So viewed, the evidence shows that Chicago Title issued the Policy to BayRock in connection with a refinance mortgage loan that BayRock provided on a residential property owned by Delondo Poole in Kennesaw. The United States thereafter secured a forfeiture lien on Poole's property upon a successful prosecution against him for drug trafficking. Poole then defaulted on his mortgage payment, and, on June 10, 2005, BayRock submitted its claim for coverage under the Policy. When Chicago Title failed to pay the claim within 60 days, BayRock initiated the instant lawsuit.

---

[1] Prior to the trial court's rulings on summary judgment, BayRock refused Chicago Title's offer to provide BayRock title to the property and $15,000 in settlement of its claims.

Pursuant to its rights under the Policy, Chicago Title thereafter sought to cure the title defect in negotiations with the United States to acquire a first priority lien position for BayRock, and, on December 9, 2005, the United States agreed to convey its interest in the property to Chicago Title for $49,000. On December 12, 2005, Chicago Title offered to have the United States convey the property to BayRock in satisfaction of its obligations under the terms of the policy. BayRock declined this offer, demanding that Chicago Title pay its June 10 claim for the full value of the Policy, and continued the prosecution of the instant lawsuit.

BayRock challenges summary judgment against it and for Chicago Title, arguing that after it submitted the claim at issue, Chicago Title was obligated under OCGA § 33-4-6 (a) either to pay BayRock the full proceeds of the Policy or provide it a clear title within 60 days. We disagree.

To prevail on a claim for an insurer's bad faith under OCGA § 33-4-6,[2] the insured must prove: (1) that the claim is covered under the policy, (2) that a demand for payment was made against the insurer within 60 days prior to filing suit, and (3) that the insurer's failure to pay was motivated by bad faith. OCGA § 33-4-6. Since the statute imposes a penalty, its requirements are strictly construed. *Howell v. Southern Heritage Ins. Co.*, 214 Ga. App. 536, 537 (1) (448 SE2d 275) (1994). Consequently, a proper demand for payment is essential to recovery. *Hanover Ins. Co. v. Hallford*, 127 Ga. App. 322, 323 (1) (a) (193 SE2d 235) (1972).

BayRock attempts to equate the submission of a claim under the Policy with the "demand for payment" required by the bad faith statute. That position, however, is directly contravened by relevant case law. In such regard, "[i]t has long been the law that in order to serve as a bad faith demand, the demand must be made at a time when immediate payment is due. An insured cannot legally demand immediate payment if the insurer has additional time left under the terms of the insurance policy in which to investigate or adjust the loss." (Citations and punctuation omitted.) *Stedman v. Cotton States Ins. Co.*, 254 Ga. App. 325, 327 (1) (562 SE2d 256) (2002).

Here, the record shows that the Policy authorized Chicago Title to investigate upon its receipt of BayRock's claim. Thus, as BayRock concedes in its appellate brief, its demand was untimely made because it was not then immediately due. *Stedman*, 254 Ga. App. at 327 (1); *Buffalo Ins. Co. v. Star Photo Finishing Co.*, 120 Ga. App. 697,

---

[2] OCGA § 33-4-6 (a) provides that an insurer owes a bad faith penalty and reasonable attorney fees "[i]n the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith. . . ."

702 (1) (a) (172 SE2d 159) (1969). Further, even if immediate payment had been due, BayRock's demand would have been insufficient because, on its face, it served only to give Chicago Title notice of its claim based on a disputed title. A demand made under OCGA § 33-4-6 must give the insurer notice that it is facing a bad faith claim. *Arrow Exterminators v. Zurich American Ins. Co.*, 136 FSupp.2d 1340, 1356 (III) (F) (N.D. Ga. 2001); *Primerica Life Ins. Co. v. Humfleet*, 217 Ga. App. 770, 772 (1) (458 SE2d 908) (1995). No specific language is required; however, "[the language used must be sufficient to alert] the insurer that it is facing a bad faith claim for a specific refusal to pay so that it may decide whether to pay the claim. [Cit.]" *Arrow Exterminators*, supra, 136 FSupp.2d at 1356 (III) (F); see *Cagle v. State Farm Fire &c. Co.*, 236 Ga. App. 726, 727 (512 SE2d 717) (1999) (letter demanding payment and stating that bad faith penalties and attorney fees would be sought for nonpayment within 60 days); compare *Cotton States Mut. Ins. Co. v. Clark*, 114 Ga. App. 439, 447 (151 SE2d 780) (1966) (court action threatened verbally when insurer refused to pay loss).

BayRock has failed to come forward with any evidence, express or implied, showing that its demand alerted Chicago Title that it was facing a bad faith claim for nonpayment of a loss within 60 days. In light of the foregoing, we need not address BayRock's remaining arguments seeking reversal of the judgment below.[3]

Due to the inadequacies of BayRock's bad faith demand and the fact that Chicago Title met all its obligations under the Policy, we find that the trial court did not err in denying BayRock's motion for summary judgment and granting Chicago Title's cross-motion.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JUNE 20, 2007 — ▮▮▮▮▮▮

*Gary C. Harris*, for appellant.

*Paul, Hastings, Janofsky & Walker, Donald H. Crawford II, J. Allen Maines*, for appellee.

---

[3] Chicago Title's motion to strike BayRock's reply brief on appeal insofar as it challenges the trial court's suggestion at its hearing on summary judgment that BayRock settle its lawsuit is therefore dismissed as moot.