BARNES, Presiding Judge,
concurring in part and dissenting in part.
I respectfully dissent to Division 5 of the majority opinion that addresses Sto Corporation’s bad faith claim.[14] Given the record before us, the question whether American Safety Indemnity Company (“ASIC”) acted in bad faith under OCGA § 33-4-6 by refusing to pay insurance policy proceeds to Sto should be resolved by a jury rather than by this Court. Consequently, the trial court’s denial of summary judgment to ASIC on Sto’s bad faith claim should be affirmed.
*275 “It is usually a question for the jury whether an insurance company, in refusing to pay a loss, acted in bad faith” under OCGA § 33-4-6, and “bad faith” in this context does not require a showing of actual fraud by the insurer. Palatine Ins. Co. v. Gilleland, 79 Ga. App. 18, 23 (3) (52 SE2d 537) (1949). Rather, an insurer’s “complete failure to prove any defense to an action on the policy is evidence of the bad faith contemplated by OCGA § 33-4-6, and subjects the insurer to a verdict for the statutory penalty and attorney’s fees.” (Punctuation omitted.) Auto-Owners Ins. Co. v. Neisler, 334 Ga. App. 284, 290 (2) (779 SE2d 55) (2015), quoting Reserve Life Ins. Co. v. Ayers, 217 Ga. 206, 213 (3) (121 SE2d 649) (1961). And while “[a] defense going far enough to show reasonable and probable cause for making it, would vindicate the good faith of the [insurance] company[,] [a]ny defense not manifesting such reasonable and probable cause, would expose the company to the imputation of bad faith.” (Punctuation omitted.) Sawyer v. Citizens & Southern Nat. Bank, 164 Ga. App. 177, 183 (2) (c) (296 SE2d 134) (1982), quoting Interstate Life & Accident Ins. Co. v. Williamson, 220 Ga. 323, 325-326 (138 SE2d 668) (1964). If “it cannot be said as a matter of law that [the insurer’s] defense was a reasonable defense which vindicates the good faith of the insurer,” then the insurer is not entitled to summary judgment on the issue of bad faith penalties under OCGA § 33-4-6. (Punctuation omitted.) Sawyer, 164 Ga. App. at 183 (c), quoting Colonial Life & Accident Ins. Co. v. McClain, 243 Ga. 263, 265 (1) (253 SE2d 745) (1979). See Certain Underwriters at Lloyd’s of London v. Rucker Constr., 285 Ga. App. 844, 850 (3) (648 SE2d 170) (2007).
Here, as the majority thoroughly explains in Divisions 1-4 of its opinion, the uncontroverted evidence of record shows that ASIC waived its coverage defenses and its right to rescind the policies as a matter of law and thus had no basis for denying Sto’s claims. Given that the uncontroverted record shows that ASIC was not entitled to deny coverage to Sto, “it cannot be said as a matter of law that [ASIC] had a reasonable defense or probable cause to deny [Sto’s claims] (Emphasis in original.) Auto-Owners Ins. Co., 334 Ga. App. at 291 (2). See Sawyer, 164 Ga. App. at 183-184 (2) (c) (concluding that jury issue existed as to whether the insurer raised a “reasonable defense” to coverage and thus as to whether its nonpayment of claim was in bad faith, where summary judgment was granted to the insured on the issue of the insurer’s liability for loss of vehicle under the policy).
Furthermore, Sto presented some evidence, construed in its favor as the nonmovant on summary judgment, that ASIC’s ultimate decision to deny coverage was based on its own economic self-interest rather than a valid policy defense. Specifically, Sto presented evidence that although ASIC reversed its initial decision and chose to *276 defend Sto in the Canal Side Lofts litigation, ASIC reversed course yet again and immediately engaged outside counsel to explore avoiding any payment of policy proceeds to Sto the day after the jury returned a $918,700 verdict against Sto. Sto also presented evidence that ASIC took control of the Crescent Shores Condominium litigation after initially denying coverage but then reversed course again and denied coverage only after the litigation had continued for another year and a half. In light of the timing of ASIC’s reversals of its decisions to defend the Canal Side and Crescent Shores claims, when combined with the uncontroverted evidence showing that ASIC was not entitled to deny coverage, a jury could find that ASIC’s refusal to provide coverage was frivolous and unfounded and thus rose to the level of badfaith. See King v. Atlanta Cas. Ins. Co., 279 Ga. App. 554, 556 (1) (631 SE2d 786) (2006) (“Bad faith for purposes of OCGA § 33-4-6 is any frivolous and unfounded refusal in law or in fact to pay according to the terms of the policy.”).
Decided June 30, 2017.
Carlton Fields Jorden Burt, Walter H. Bush, Jr., Christopher B. Freeman, Meredith W. Caiafa, for appellant.
Alston & Bird, Douglas G. Scribner, Jason R. Rottner, for appel-lee.
Under these circumstances, a jury should resolve whether ASIC acted in bad faith, and we therefore should affirm the trial court’s denial of summary judgment to ASIC on Sto’s bad faith claim under OCGA § 33-4-6.[15] Because the majority concludes otherwise, I respectfully dissent.
I am authorized to state that Presiding Judge Miller joins in this dissent in judgment only

 I concur fully in Divisions 1-4 of the majority opinion.

 ASIC also argues that it was entitled to summary judgment on Sto’s bad faith claim under OCGA § 33-4-6 because Sto’s demand letters did not ask ASIC to pay a “sum certain.” But when an insured makes a demand to the insurer under OCGA § 33-4-6, “[n]o specific language is required.” BayRock Mtg. Corp. v. Chicago Title Ins. Co., 286 Ga. App. 18, 20 (648 SE2d 433) (2007). Rather, the language of the demand need only “be sufficient to alert the insurer that it is facing a bad faith claim for a specific refusal to pay so that it may decide whether to pay the claim.” (Citations and punctuation omitted.) Id. Sto’s demand letters met that notice requirement.