McFadden, Presiding Judge, concurring in part and dissenting in part.
I concur in Division 2 of the majority opinion affirming the trial court's judgment in Case No. A17A1940, because I agree that Homesite was entitled to summary judgment on Thompson's claim for attorney fees under OCGA § 13-6-11. And I concur in that part of Division 1 affirming the trial court's judgment in Case No. A17A1938 to the extent that the trial court granted summary judgment to Homesite on Thompson's bad faith claim pertaining to the tree and debris removal.
But I respectfully dissent to that part of Division 1 affirming the trial court's grant of summary judgment on Thompson's bad faith claim pertaining to the appraisal award. I would reverse that part of the judgment in Case No. A17A1938, because the email Thompson's counsel sent to Homesite's counsel on July 1, 2013 satisfied the requirement that a plaintiff seeking to recover for an insurer's bad faith under OCGA § 33-4-6 (a) make "a demand for payment ... against the insurer within 60 days prior to filing suit[.]"
*547 BayRock Mtg. Corp. v. Chicago Title Ins. Co. , 286 Ga. App. 18, 19, 648 S.E.2d 433 (2007).
The record shows that on July 1, 2013, Thompson's counsel sent an email to Homesite's counsel that stated the following:
Please look closely at the appraisal award and the amount paid to Ms. Thompson pursuant to the award. Homesite made the unilateral decision to offset "previous payments" made to Ms. Thompson. However, the umpire report and appraisal award do not include such offsets. Particularly, Homesite deducted the previous damage check presented to Ms. Thompson and the payment for tree and debris removal. The tree and debris removal were not a part of the appraisal process, therefore this offset is wholly improper and constitutes a breach of contract and bad faith failure to pay a covered loss .
(Emphasis supplied.) This language was "sufficient to alert [Homesite] that it [was] facing a bad faith claim for a specific refusal to pay[.]" See BayRock Mtg. Corp. , supra at 20, 648 S.E.2d 433 (citations and punctuation omitted).
Thompson filed the instant action, which included her bad faith claim regarding the appraisal award, on May 19, 2015, well more than 60 days after the July 2013 email. The purpose of OCGA § 33-4-6 (a) 's demand requirement was met here-"to adequately notify an insurer that it is facing a bad faith claim so that it may make a decision about whether to pay, deny or further investigate the claim within the 60-day [statutory] deadline." Primerica Life Ins. Co. v. Humfleet , 217 Ga. App. 770, 772 (2), 458 S.E.2d 908 (1995).
The fact that the instant action is a renewal action does not make a difference. "The renewal suit is an action de novo." Hobbs v. Arthur , 264 Ga. 359, 360, 444 S.E.2d 322 (1994) (citation omitted). Homesite sought, and the trial court granted, summary judgment on the renewal action , not on Thompson's initial action. Because the renewal action clearly was filed more than 60 days after Thompson notified Homesite of her bad faith claim based on the appraisal award, Homesite was not entitled to summary judgment on that claim.