CLAY D. LAND, CHIEF U.S. DISTRICT COURT JUDGE MIDDLE DISTRICT OF GEORGIA
Daughtery, Crawford & Brown, LLP brings this action to recover from American General Life Insurance Company ("American General") bad faith penalties and attorneys' fees pursuant to O.C.G.A. § 33-4-6 based on American General's alleged bad faith failure to timely pay benefits under a life insurance policy. For the following reasons, American General's motion for summary judgment (ECF No. 11 ) is granted.
SUMMARY JUDGMENT STANDARD
Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine dispute of material fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it is relevant or necessary to the outcome of the suit. Id. at 248, 106 S.Ct. 2505. A factual dispute is genuine if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. Id.
FACTUAL BACKGROUND
Viewed in the light most favorable to Plaintiff, the record reveals the following facts:
American General issued a $ 1 million life insurance policy insuring attorney Peter Daughtery in 1995. The law firm of Butler Wooten was the owner and beneficiary of the policy at that time. In 2006, several attorneys, including Daughtery, left Butler Wooten to form their own firm. Those partners formed a firm called "Daughtery, Crawford, Fuller & Brown, LLP." The firm created and filed a limited liability partnership election. The firm also *1334 became the owner and beneficiary of the policy.
In September 2012, Clay Fuller left the partnership to become a federal magistrate. The remaining partners then created and filed a new limited liability partnership election. See Notice of Removal Ex. A, Superior Court Compl. Exs., Limited Liability Partnership Election of Daughtery, Crawford & Brown, LLP (Sept. 6, 2012), ECF No. 1-2 at 46-47 ; see also id. , ECF No. 1-2 at 26-45 (partnership agreement for Daughtery, Crawford & Brown, LLP). The owner and beneficiary of the policy remained unchanged.
Daughtery died on October 29, 2017. Dustin Brown then submitted a proof of claim to American General, which American General received on November 22. Several weeks passed, and Brown did not hear from American General acknowledging receipt of the claim. Brown Aff. ¶ 12, ECF No. 21-1. He then called American General on December 11, 2017 and was told the claim was being processed. Id. On that date, he also sent a demand letter for payment within 60 days pursuant to O.C.G.A. § 33-4-6.
The statutory demand indicates that payment is being sought by the partnership Daughtery, Crawford & Brown, LLP. See Letter from D. Brown to AIG (Dec. 11, 2017), ECF No. 13-15. It is undisputed, however, that the owner and beneficiary of the policy was Daughtery, Crawford, Fuller & Brown, LLP. It also appears clear that Daughtery, Crawford & Brown, LLP and Daughtery, Crawford, Fuller & Brown, LLP were separate legal entities, and it is unclear whether at the time of the demand Daughtery, Crawford & Brown, LLP was the legal successor to Daughtery, Crawford, Fuller & Brown, LLP. See Brown Dep. 45:9-13, ECF No. 13. The demand does not mention the relationship between the two partnerships. American General received the demand letter on December 17. Therefore, the deadline for payment imposed by the letter would have been February 14, 2018.
Brown followed up regularly with American General after submitting the claim. See Brown Dep. Exs. 17-26, ECF Nos. 13-17 to 13-26 (transcripts of phone calls between Brown and American General representatives). Nobody ever informed Brown that there was any issue with the identity of the beneficiary. Brown Aff. ¶ 13. Although American General's policies typically require processing and payment within ten days, Dorothy Lomas, a claims examiner for American General, did not receive the claim until January 24. Lomas Dep. 11:15-21, ECF No. 14. Lomas noticed the discrepancy between the beneficiary named in the policy and the name of the claimant; thus she referred the claim to management for further review. Lomas then contacted Brown on February 9 regarding the discrepancy. Brown responded by faxing documentation regarding Judge Fuller's departure and the firm name change. Brown Aff. ¶ 17; see also Fax from D. Brown to D. Lomas (Feb. 9, 2018), ECF No. 13-28 at 3-10 (partnership election of Daughtery, Crawford & Brown, LLP, deed of property from Daughtery, Crawford, Fuller & Brown, LLP to Daughtery, Crawford & Brown, LLP, and partnership election of Daughtery, Crawford, Fuller & Brown, LLP). Although Brown had originally asserted the claim in the name of Daughtery, Crawford & Brown, LLP, he told Lomas that American General could instead write the check to Daughtery, Crawford, Fuller & Brown, LLP, which was the name of the owner and beneficiary listed on the policy. Brown Aff. ¶ 19; see also Letter from D. Brown to D. Lomas (Feb. 9, 2018), ECF No. 13-28. Brown received no response from American General by the February 14 payment deadline. American General then paid the claim to Daughtery, Crawford & Brown, *1335 LLP with interest on February 20, which was eleven days after Brown explained for the first time the discrepancy between the name of the claimant and the name of the owner and insured under the policy. Because payment was not made by February 14, Daughtery, Crawford & Brown, LLP brought this action, claiming that American General's failure to make payment within 60 days of the original demand was in bad faith.
DISCUSSION
Under Georgia law, "[i]n the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 50 percent of the liability of the insurer for the loss ... and all reasonable attorney's fees for the prosecution of the action against the insurer." O.C.G.A. § 33-4-6(a). "Bad faith for purposes of O.C.G.A. § 33-4-6 is any frivolous and unfounded refusal in law or in fact to pay according to the terms of the policy." King v. Atlanta Cas. Ins. Co. , 279 Ga.App. 554, 631 S.E.2d 786, 788 (2006). "Ordinarily, the question of good or bad faith is for the jury, but when there is no evidence of unfounded reason for the nonpayment, or if the issue of liability is close, the court should disallow imposition of bad faith penalties." Fla. Int'l Indem. Co. v. Osgood , 233 Ga.App. 111, 503 S.E.2d 371, 375 (1998) (quoting Int'l Indem. Co. v. Collins , 258 Ga. 236, 367 S.E.2d 786, 788 (1988) ). "Because the damages are in the nature of a penalty, the statute is strictly construed and the right to such recovery must be clearly shown." Id.
The "holder of the policy" for purposes of O.C.G.A. § 33-4-6(a) is the party that has the legal right to receive the benefits under the policy. See Blue Cross & Blue Shield of Ga., Inc. v. Bennett , 223 Ga.App. 291, 477 S.E.2d 442, 443-44 (1996) (explaining that named insured was not "the holder" of the policy under O.C.G.A. § 33-4-6 because she had assigned her claims to a third party). Daughtery, Crawford, Fuller & Brown, LLP was the holder of this policy. It is clearly listed as both the owner and the beneficiary. This does not mean that Daughtery, Crawford & Brown, LLP did not eventually become entitled to the proceeds from the policy. But when the demand was first made, there was no indication at that time that Daughtery, Crawford & Brown, LLP had become the holder of the policy. American General was never notified of the partnership change prior to the demand. It only became aware of facts suggesting that Daughtery, Crawford & Brown, LLP was the legal successor to Daughtery, Crawford, Fuller & Brown, LLP when Brown sent it additional information on February 9. And even based on that information, it was not entirely clear who exactly had the legal right to the proceeds. Nevertheless, American General paid the entire claim within eleven days of receiving that information. The Court finds no bad faith refusal to pay under these circumstances.
CONCLUSION
For the reasons explained above, American General's motion for summary judgment (ECF No. 11 ) is granted.
IT IS SO ORDERED, this 10th day of April, 2019.